CRENSHAW v CHRYSLER CORPORATION

Docket No. 55896. Argued June 6, 1975 (Calendar No. 16).—Decided
August 19, 1975.

Plaintiff Willie D. Crenshaw was employed at defendant Chrysler
Corporation's Dodge main plant in Hamtramck for seven years
before being laid off in 1961. In 1963 he obtained employment
at defendant's Twinsburg, Ohio, plant. Plaintiff retained his
seniority with Chrysler, but he was required to complete a new
application for employment, take a company physical examina-
tion, and serve a 90-day probation period like any other new
employee. Plaintiff lost his left hand in a punch press accident
and injured his back while working in Ohio, and benefits were
awarded by the Ohio Workmen's Compensation Bureau for the
loss of his hand. In 1969, he returned to the Hamtramck plant
where he worked as an elevator operator, but he was unable to
work for several months because of a condition diagnosed as
post-traumatic neurosis. He sought workmen's compensation
for injuries suffered while working in Ohio. The Workmen's
Compensation Appeal Board determined that the Workmen's
Compensation Act did not cover the injuries which occurred in
Ohio and that his employment as an elevator operator had
neither been a factor in aggravating existing injuries nor in
causing a new one. The Court of Appeals, Danhof, P. J., and
Bronson and Boyle, JJ., affirmed (Docket No. 16728). Plaintiff
appeals. *Held:*

1. These injuries were not compensable because plaintiff
entered into a new contract of hire when he obtained a position
at the Ohio plant, that contract was made in Ohio, and the
injuries were suffered in Ohio.

2. The provision of the Workmen's Compensation Act that
the total compensation due shall be recoverable from the
employer who last employed the employee in the employment
to the nature of which the disease was due and in which it was
contracted does not apply to plaintiff's situation because his
psychological problems arose from an injury suffered while

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation §§ 52, 53.

[2] 58 Am Jur, Workmen's Compensation § 209 *et seq.*

working on an automobile assembly line and his disability arose while he was employed as an elevator operator and it cannot be said that these jobs were of the same "nature" so as to make that section applicable.

Affirmed.

1. WORKMEN'S COMPENSATION—CONTRACT OF HIRE—JURISDICTION—OUT-OF-STATE INJURIES.

Plaintiff's claims arising from injuries suffered in Ohio were not compensable where plaintiff, a Chrysler employee who worked at the Hamtramck plant, entered into a new contract of hire when he obtained a position at an Ohio plant of Chrysler for which he had to fill out a new application form, take a company physical examination, and serve a 90-day probation period like any other employee; the new contract was made in Ohio (MCLA 418.845).

2. WORKMEN'S COMPENSATION—LAST EMPLOYER—NATURE OF EMPLOYMENT.

The provision of the Workmen's Compensation Act that the total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted did not apply where plaintiff's psychological problems arose from an injury suffered while working on an automobile assembly line in Ohio and his disability while he was employed as an elevator operator in Michigan; it cannot be said that these jobs were of the same "nature" so as to make that section applicable (MCLA 417.9).

*Glotta, Adelman, Dinges, Taylor, Davis & Middleton, P. C. (by H. John Taylor),* for plaintiff.

*Hayim I. Gross* and *Lacey & Jones,* for defendant.

PER CURIAM. Upon a review of the matters presented, we deny plaintiff the relief sought and affirm the decision reached by the Court of Appeals.

## I.

Plaintiff-appellant was employed at defendant-

appellee's Dodge main plant in Hamtramck, Michigan for seven years before being laid off in 1961. In 1963 plaintiff obtained employment at defendant's Twinsburg, Ohio, plant. While plaintiff retained his seniority with Chrysler, he was required to complete a new application for employment form, take a company physical, and serve a 90-day probation period like any other new employee.

Plaintiff lost his left hand in a punch press accident and injured his back while working at the Twinsburg, Ohio, plant. Benefits were awarded by the Ohio Workmen's Compensation Bureau for the loss of his hand.

In 1969, plaintiff returned to the Hamtramck, Michigan, plant where he worked as an elevator operator. However, he was unable to work from August, 1969, to January, 1970, and again from May, 1970, to November, 1970, because he suffered numbness over various parts of his body and heat flashes in his arm. Plaintiff's doctor diagnosed the condition as post-traumatic neurosis.

The hearing referee held that the Michigan Workmen's Compensation Act did not cover the injuries which occurred in Ohio and that the employment as an elevator operator had neither been a factor in aggravating existing injuries nor in causing a new one. The Appeal Board and Court of Appeals affirmed this determination.

## II.

Plaintiff seeks compensation for injuries suffered while working in Ohio. The hearing referee, Appeal Board and the Court of Appeals did not err in concluding that these out-of-state injuries were not compensable. When plaintiff obtained a position at Chrysler's Twinsburg, Ohio, plant he entered into

a contract of hire and that contract was "made" in Ohio.[1]

### III.

Plaintiff, who had worked on an automobile assembly line in Ohio, argues that the hearing referee and the Appeal Board applied the wrong legal test to the facts of this case and were preoccupied with whether his subsequent Michigan work as an elevator operator aggravated an existing injury or was responsible for a new injury. The proper test, plaintiff maintains, is contained in § 9 of the Workmen's Compensation Act.[2] This section provides in pertinent part:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted."

We need not consider the possible impact of this provision on the tests applied by the hearing referee and the Appeal Board since it is clear that § 9 does not apply to plaintiff's situation. His psychological problems arose from an injury suffered while working on an automobile assembly line and his disability while he was employed as an elevator operator. It cannot be said that these jobs were of the same "nature" so as to make § 9 applicable.

[1] Section 845 of Michigan's Workmen's Compensation Act provides:
"The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury and *the contract of hire was made in this state.* Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act." (Emphasis added.) MCLA 418.845; MSA 17.237(845).

[2] MCLA 417.9; MSA 17.228. [Now MCL 418.435; MSA 17.237(435).— REPORTER.]

We find no basis for disturbing the conclusions reached by the Appeal Board.

The Court of Appeals is affirmed.

Costs to defendants.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.