JENSEN v PRUDENTIAL INSURANCE COMPANY OF AMERICA

Docket No. 60600. Submitted May 5, 1982, at Sault Ste. Marie.—
Decided July 28, 1982.

Wilma M. Jensen, a Wisconsin resident, signed an employment
contract with the Prudential Insurance Company of America to
become an insurance agent with Prudential's office in Esca-
naba, Michigan. The contract was subject to approval by Pru-
dential's office in Minnesota, therefore, making Minnesota the
locus of the contract. Subsequently, Jensen was injured in an
automobile accident in Wisconsin while delivering an insurance
contract. Her assigned route was in Wisconsin. Jensen sought
workers' compensation benefits for head, neck, and back inju-
ries. A hearing referee awarded compensation benefits to Jen-
sen, finding that the employment contract had been concluded
in Michigan and thus the Bureau of Workers' Disability Com-
pensation had jurisdiction of the claim. On appeal, the Work-
ers' Compensation Appeal Board affirmed the decision of the
hearing referee. Prudential appeals by leave granted. *Held:*

The Bureau of Workers' Disability Compensation has no
jurisdiction over an employee whose contract of hire was not
concluded in Michigan and who was not a resident of Michigan.
Here, the contract was not concluded until Prudential's accep-
tance in Minnesota. The bureau did not have jurisdiction over
the claim.

Reversed.

1. WORKERS' COMPENSATION — JURISDICTION.

The Bureau of Workers' Disability Compensation has jurisdiction
over controversies arising out of injuries not suffered in Michi-
gan where the injured employee is a resident of Michigan at

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 472, 683.
[2] 16 Am Jur 2d, Conflict of Laws § 75.
53 Am Jur 2d, Master and Servant § 353.
What is place of tort causing personal injury or resultant damage
or death, for purpose of principle of conflict of laws that law of
place of tort governs. 77 ALR2d 1266.

the time of the injury and the contract of hire was made in Michigan (MCL 418.845; MSA 17.237[845]).

2. CONTRACTS — EMPLOYMENT CONTRACTS.

Construction of an employment contract should be governed by the law of the state in which the contract was made and a contract is deemed to have been made in the state where the last act necessary to make it a binding agreement took place.

*Santini, Jacobs, McDonald & Silc, P.C.,* for plaintiff.

*Weber, Swanson & Vicary, P.C.,* for defendant.

Amicus Curiae:

*Lacey & Jones,* for Ethyl Corporation and Travelers Insurance Company.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendants appeal by leave granted from the September 28, 1981, order of the Workers' Compensation Appeal Board (WCAB) which affirmed a referee's award of disability compensation benefits to plaintiff.

Simply, the facts are that plaintiff, a Wisconsin resident, signed an employment contract to become an agent for Prudential in Escanaba, Michigan. The contract was subject to approval by Prudential's office in Minnesota, therefore, making Minnesota the locus of the contract.

On August 27, 1976, plaintiff was injured in an automobile accident in Wisconsin while delivering an insurance contract. Her assigned route was in Wisconsin. Plaintiff sought workers' compensation benefits for head, neck, and back injuries.

After a hearing, a referee awarded compensation benefits finding that plaintiff's employment con-

tract had been concluded in Michigan, therefore, giving jurisdiction to the Bureau of Workers' Disability Compensation. On appeal, a majority of the WCAB affirmed.

Section 845 of the Michigan Worker's Disability Compensation Act of 1969, MCL 418.845; MSA 17.237(845), provides:

"The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury *and* the contract of hire was made in this state. Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act." (Emphasis added.)

The language of that section is clear and unambiguous indicating that the claimant suffering out-of-state injuries must be both a resident *and* have concluded a contract of hire in Michigan. Here, plaintiff does not satisfy either condition.

The Bureau of Workers' Disability Compensation has no jurisdiction over an employee whose contract of hire was not concluded in Michigan nor was a resident of Michigan. In *Crenshaw v Chrysler Corp,* 394 Mich 513; 232 NW2d 166 (1975), the Supreme Court held that the bureau had no jurisdiction over injuries sustained by a Michigan resident who had transferred from a Chrysler plant in Michigan to its Ohio plant, sustaining injuries in Ohio. The plaintiff had been required to reapply for employment at the Ohio plant and the Supreme Court noted that plaintiff had entered into a contract of hire "made" in Ohio.

The locus of the making of the employment contract is, indeed, one of the determinative criteria. Here, the contract was not concluded until

defendants' acceptance of it in Minnesota. *House v Lefebvre,* 303 Mich 207; 6 NW2d 487 (1942), *Chrysler Corp v Ins Co of North America,* 328 F Supp 445 (ED Mich, 1971). Considering all of the facts, Minnesota employer, Wisconsin resident, Wisconsin accident, and a Minnesota contract, we are at a loss to find how the Bureau of Workers' Disability Compensation and the Workers' Compensation Appeal Board accepted jurisdiction.

The decision of the Workers' Compensation Appeal Board is reversed.