SHAW v GRUNWELL-CASHERO OF MILWAUKEE

Docket No. 58253. Submitted May 20, 1982, at Detroit.—Decided
September 23, 1982.

Patrick Shaw was employed in Wisconsin by Grunwell-Cashero of
Milwaukee, a Wisconsin corporation, when he was injured on
the job. Shortly thereafter, he began working in Detroit for the
Grunwell-Cashero Company, Inc., a separate, Michigan corpora-
tion with which he had been employed prior to taking the
employment in Wisconsin. A short time after returning to the
Michigan employment he was disabled after aggravating his
pre-existing injury on the job. Grunwell-Cashero, the Wisconsin
firm, began voluntarily paying benefits in accordance with the
Wisconsin workers' compensation laws. Shaw then brought a
claim seeking benefits from both the employers. The hearing
referee found the Michigan firm, Grunwell-Cashero Company,
Inc., to be the liable employer. He ruled that the Michigan
company was entitled to credit for the benefits paid by the
Wisconsin company and that the Wisconsin company was not
entitled to reimbursement of those payments. Both employers
appealed to the Workers' Compensation Appeal Board. Prior to
the board's hearing the appeal, Shaw entered into a redemption
agreement with the Michigan employer. The board thereafter
dismissed both appeals. Grunwell-Cashero of Milwaukee and
Liberty Mutual Insurance Company, its insurer, appeal by
leave granted. *Held:*

1. The hearing referee was correct in determining that the
Michigan employer, as the last employer of an employee whose
injuries resulted from employment by two or more successive
employers, was liable for payment of benefits.

2. The Michigan employer was properly found to be entitled
to credit for the amount of benefits paid by the Wisconsin
employer.

3. The question of whether the Wisconsin employer is enti-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 409.
[2] 81 Am Jur 2d, Workmen's Compensation §§ 63, 83 *et seq.*
[3] 81 Am Jur 2d, Workmen's Compensation § 365.

tled to reimbursement under the circumstances herein has not previously been decided. Moreover, because the appeal board mistakenly assumed that the redemption agreement included the Wisconsin employer, the board has not addressed the issue. The Court of Appeals declines to decide the issue at this time, and remands to the appeal board for a ruling on this issue.

Remanded.

1. WORKERS' COMPENSATION — MULTIPLE EMPLOYERS.

The workers' compensation insurer which covers the last employer is fully liable for payment of benefits to an employee whose injuries result from work performed on behalf of two or more successive employers.

2. WORKERS' COMPENSATION — OUT-OF-STATE EMPLOYER — JURISDICTION.

The Bureau of Workers' Disability Compensation has no jurisdiction to order payment of benefits to an employee who is injured while working for an out-of-state employer and who is neither a Michigan resident at the time of the injury nor employed under a contract with the out-of-state employer which was made in Michigan (MCL 418.845; MSA 17.237[845]).

3. WORKERS' COMPENSATION — OUT-OF-STATE EMPLOYER — CREDIT FOR OTHER BENEFITS.

A Michigan employer who is liable for payment of workers' compensation benefits to an employee is entitled to credit for a workers' compensation award the employee previously recovered in another state from another employer for the same injury.

*LaVasseur, Egan, Leslie & Johnson, P.C.* (by *Douglas W. Johnson*), for appellants Grunwell-Cashero of Milwaukee and Liberty Mutual Insurance Company.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Robert F. Auld*), for appellees Grunwell-Cashero Co., Inc., and Sentry Insurance Company.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Defendants Grunwell-Cashero of Milwaukee and Liberty Mutual Insurance Company appeal by leave granted from a decision of the Workers' Compensation Appeal Board dismissing their appeal following a redemption agreement entered into between plaintiff and his Michigan employer.

The pertinent facts involved herein are not in dispute. Plaintiff was employed by the Grunwell-Cashero Company, Inc., a Michigan corporation doing business in Detroit, for a period of approximately 20 years. Sentry Insurance Company is its workers' compensation carrier. In 1975, plaintiff began working in Wisconsin for Grunwell-Cashero of Milwaukee, a separate corporate entity from the Detroit company. Liberty Mutual is the Wisconsin firm's workers' compensation carrier.

In December, 1975, plaintiff sustained a back injury while working for the Wisconsin company. Thereafter, in early 1976, he terminated his employment with that employer and returned to the employ of the Detroit Company. He continued to work for the Detroit Company until February, 1976, when he was disabled after he aggravated his pre-existing back injury while working for the Detroit company. Thereafter, the Wisconsin company voluntarily began paying benefits and medical expenses according to the benefit schedule provided by Wisconsin workers' compensation laws.

Plaintiff commenced this action pursuant to the Michigan Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.,* seeking an award of benefits from both his Michigan employer and his Wisconsin employer. The Wisconsin company denied liability and also claimed that it was entitled to reimbursement

from the Michigan employer for benefits it had previously paid.

On November 9, 1978, the hearing referee entered an open award finding the Michigan company to be the liable employer and Sentry to be the insurer on the risk. He further ruled that the Michigan company was entitled to a credit for the benefits and expenses paid by the Wisconsin company. However, he denied the Wisconsin company's claim for reimbursement for the benefits and expenses previously paid.

Both employers appealed that decision to the WCAB. Prior to the time that the WCAB heard the appeal, plaintiff entered into a redemption agreement with the Michigan employer. Thereafter, the WCAB, apparently operating under the mistaken belief that both employers participated in the redemption agreement, dismissed both appeals.

It is clear from our reading of the record that the hearing referee's decision concerning liability was correct. It is well established that where a claimant's injuries result from work performed on behalf of two or more successive employers, the carrier covering the last employer is fully liable for payment of benefits for such injury. *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243; 262 NW2d 629 (1978). In any event, since there is nothing in the record to suggest that plaintiff's contract of employment with the Wisconsin employer was made in Michigan or that he was a Michigan resident at the time that he suffered the injury in Wisconsin, it does not appear that the bureau could have ordered the Wisconsin employer to pay benefits under the Michigan act. MCL 418.845; MSA 17.237(845); *Crenshaw v Chrysler Corp,* 394 Mich 513; 232 NW2d 166 (1975).

We are also of the opinion that the hearing referee's determination that plaintiff's award against his Michigan employer was required to be reduced by the amount he had received from his Wisconsin employer was correct. *Stanley v Hinchliffe & Kenner,* 395 Mich 645; 238 NW2d 13 (1976).

Therefore, the narrow issue presented here is whether an out-of-state employer, which is not subject to jurisdiction under the Michigan act and which pays workers' compensation benefits pursuant to the laws of its state, is entitled to reimbursement under the Michigan act from a Michigan employer where, under the Michigan act, it is determined that the Michigan employer is solely liable for plaintiff's injuries and where the Michigan employer is granted credit for the benefits previously paid by the out-of-state employer.

This issue does not appear to have been previously decided by the WCAB or by any court in this jurisdiction. Furthermore, because of the mistaken assumption by the WCAB that the Wisconsin employer participated in the redemption agreement, the WCAB has not addressed the issue in this case. Therefore, since this Court is without the benefit of the expertise of the WCAB, we decline to decide the issue at this time. Instead, we remand the case to the WCAB for a ruling on this issue. *Hudson v Jackson Plating Co,* 105 Mich App 572, 581-582; 307 NW2d 96 (1981).

Remanded in accordance with this opinion. We do not retain jurisdiction.