*30 CORRIGAN, J.
In this case, we consider whether a Florida resident who was injured in a Florida workplace accident may recover workers’ compensation benefits in Michigan merely because he was hired in Michigan. We conclude that he cannot. The relevant portion of the Michigan Worker’s Disability Compensation Act (WDCA), MCL 418.845, confers jurisdiction on the Bureau of Worker’s Compensation, now the Workers’ Compensation Agency, for out-of-state workplace injuries only if (1) the employee is a resident of Michigan when the injury occurs and (2) the contract of hire was made in Michigan. Accordingly, we reverse the contrary Court of Appeals judgment awarding benefits and overrule Boyd v W G Wade Shows, 443 Mich 515; 505 NW2d 544 (1993), upon which the Court of Appeals relied.
I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE
The parties stipulated the relevant facts:
Plaintiff was hired by defendant on October 4, 1984 to work in Michigan as a maintenance engineer. As of the date of hire, plaintiff was a resident of Detroit, Michigan and defendant employer was a resident employer in Michigan. The Contract of hire was made in Michigan. The Farbman Group continues to be a resident employer and is currently located at 28400 Northwestern Hwy, Southfield, Michigan.
Plaintiff worked for defendant in Michigan from the date of hire until September 1, 1986, when defendant transferred him to Fort Lauderdale, Florida to assume the position of building superintendent. On January 12, 1995, Plaintiff fell from a ladder in the coruse of his employment for defendant in Florida, breaking his left wrist and injuring his left knee. At the time of the injury, he was a resident of Florida. On September 27, 1996, plaintiff reinjured his knee while still working for defendant in Florida. He underwent surgery on November 6,1996 for ACL [anterior cruciate ligament] reconstruction and microfracture ar *31 throplasty. Plaintiff returned to work for defendant with restrictions on December 2, 1996.
He received certain benefits pursuant to Florida’s worker’s compensation law.
Plaintiff continued to work for defendant until September 15, 1997. Since that time, he has worked as a project manager for Rotella, Toroyan, Clinton Group, a Florida Corporation.
Plaintiff continues to have problems with his left knee. There is no wage loss at this time. He has, however, incurred further expenses for treatment and anticipates the need for additional surgery(ies) and future closed period(s) of disability. These claims are not covered under Florida law.
Plaintiff has filed an application for mediation or hearing, claiming medical and wage loss benefits under Michigan law. Defendant disputes jurisdiction. It does not dispute the existence of a work related knee injury.
The Court of Appeals summarized the proceedings before the magistrate and the Workers’ Compensation Appellate Commission (WCAC):
In the proceedings below, defendants contended that pursuant to the plain language of the statute which determines the bureau’s jurisdiction, MCL 418.845, to be entitled to benefits, an injured worker must be a resident of Michigan at the time of the injury. In response, plaintiff contended that pursuant to the interpretation of MCL 418.845, as set forth in Boyd v W G Wade Shows, 443 Mich 515; 505 NW2d 544 (1993), there is no residency requirement for an injured worker, and the bureau has jurisdiction over a petition filed by an injured worker when, as in the instant case, the contract of hire was executed in Michigan and the employer is a resident employer in Michigan. The magistrate agreed with plaintiff and concluded that the bureau had jurisdiction in this matter.
Defendant appealed the decision to the WCAC. The WCAC noted that the Supreme Court’s decision in Boyd *32 reaffirmed an interpretation of the jurisdictional statute originally set forth in Roberts v IXL Glass Corp, 259 Mich 644; 244 NW 188 (1932). The WCAC opined that Roberts contravened the express language of MCL 418.845, but agreed with the magistrate that Boyd and Roberts are binding. Defendants were granted leave to appeal the WCAC’s decision. [1]
The Court of Appeals affirmed the WCAC decision because “pursuant to Roberts and Boyd, the WCAC properly concluded that the bureau has jurisdiction over plaintiffs petition for benefits.” Id. at 5. We granted defendant’s application for leave to appeal, directing the parties to address whether the “proposed overruling of [Boyd] is justified under the standard for applying stare decisis discussed in Robinson v Detroit, 462 Mich 439, 463-468 [613 NW2d 307] (2000).”[2] 2
II. STANDARD OF REVIEW
This case requires us to interpret the language set forth in MCL 418.845. We review de novo questions of statutory construction. People v Perkins, 473 Mich 626, 630; 703 NW2d 448 (2005).
III. ANALYSIS
A. STATUTORY INTERPRETATION
MCL 418.845 is clear and unambiguous. It grants the bureau “jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury and the contract of hire was made in this state.” (Emphasis added.) The meaning of this provision is *33 straightforward: where the injury occurs outside Michigan, the bureau has jurisdiction only where (1) the injured employee was a resident of Michigan at the time of the injury and (2) the contract of hire was made in Michigan. Plainly, the use of the conjunctive term “and” reflects that both requirements must be met before the bureau has jurisdiction over an out-of-state injury.
This statute in its initial enactment in 1921 PA 173, was an amendment[3] of the Michigan Workmen’s Compensation Act, 1912 (1st Ex Sess) PA 10.[4] This amendment was enacted after the decision in Crane v Leonard Crossette & Riley, 214 Mich 218; 183 NW 204 (1921). In Crane, this Court held that because participation in the workers’ compensation system was elective, the requirements of the law were considered to be incorporated into the employment contract when an employer chose to participate in the system. Thus, it was irrelevant that the injury did not occur in Michigan.[5]
In 1932, this Court considered the 1921 amendment in Roberts, supra. The Roberts Court stated that the new statutory requirements focusing on residence at the time of the injury “would come with much, if not controlling, force if it were not in conflict with other *34 portions of the statute.” Roberts, supra at 647. That “other portion of the statute” was 1929 CL 8412, which this Court described as fixing “the rights and liabilities of employers and employees.” Id. This Court said that the WDCA covered “ ‘all employees’ regardless of residence or the locus of the accident.” Id. Because of this conflict and the “radical change in the scope and effect,” id. at 648, that the nullification of § 8412 by § 8458 would have, the Court declined to assume that the Legislature had intended such nullification when it enacted § 8458. The Court also opined that its construction was consistent with the “humane purposes” of the WDCA. This meant that § 8412 trumped § 8458, and workers’ compensation coverage would be required without regard to residence or where the injury occurred, despite the language of § 8458.
In 1943 PA 245, the Legislature expressly repealed § 8412. With that action, the Legislature effectively eliminated the central rationale of the Roberts decision, i.e., the Court’s declination to repeal by inference § 8412. The 1943 amendment thus left § 8458 as the unquestioned law. At that juncture, then, the Legislature had addressed the problem that had precluded the Roberts Court from enforcing § 8458, and the Roberts rationale for declining to enforce § 8458 no longer applied.
Indeed, the appellate courts of this state implicitly recognized this point in eight of nine cases where issues concerning § 8458 and its successor statutes arose from 1943 until the Boyd decision in 1992.
In Daniels v Trailer Transport Co, 327 Mich 525, 527, 530; 42 NW2d 828 (1950), this Court implicitly required that the statutory prerequisites of § 8458 be met. In that case, the Court concluded that where a Michigan employer had made an employment contract in Texas, *35 and where the employee was an Illinois resident who suffered an injury in Tennessee, jurisdiction did not exist to bring a workers’ compensation action in Michigan.[6]
Without reconciling Daniels, however, the Court of Appeals in Austin v W Biddle Walker Co, 11 Mich App 311, 313, 318; 161 NW2d 150 (1968), followed what it understood to be the Roberts holding when it concluded that a nonresident of Michigan, hired in Michigan but injured outside Michigan, could collect workers’ compensation benefits in Michigan.[7]
*36 Returning to the Daniels understanding, the Court of Appeals held in Rodwell v Pro Football, Inc, 45 Mich App 408, 416-418; 206 NW2d 773 (1973), that where an employment contract was made in Michigan with a worker who lived in Michigan but the injury occurred out of state, the employee was eligible for Michigan workers’ compensation.
Later, in Crenshaw v Chrysler Corp, 394 Mich 513, 515-516; 232 NW2d 166 (1975), this Court determined that the WDCA did not apply when the contract of hire with a Michigan company was executed in Ohio and the injuries occurred in Ohio.[8] **8
Next, in Jensen v Prudential Ins Co of America, 118 Mich App 501, 503-504; 325 NW2d 469 (1982), the Court of Appeals, after noting that both Michigan residence and a Michigan contract of hire are required, concluded that the WDCA did not apply because the employee was not a Michigan resident and the contract was not entered into in Michigan.
In Shaw v Grunwell-Cashero of Milwaukee, 119 Mich App 758, 761; 327 NW2d 349 (1982), the Court of Appeals found no indication of either a Michigan contract or a Michigan resident employee. Thus, no jurisdiction existed over a Wisconsin employer.
*37 In Wolf v Ethyl Corp, 124 Mich App 368, 370; 335 NW2d 42 (1983), the Court of Appeals stated that jurisdiction required both Michigan residence and a Michigan contract. While the contract of hire between the employee and the employer was made in Michigan, the employee was a resident of Connecticut at the time of the injury. Because the employee was not a Michigan resident, jurisdiction was lacking.
After noting that MCL 418.845 plainly required both conditions, the Court of Appeals, in Bell v F J Boutell Driveaway Co, 141 Mich App 802, 812-813; 369 NW2d 231 (1985), stated that while the case apparently involved a Michigan employer, the employee was an Ohio resident who was injured in Ohio. Thus, the bureau lacked jurisdiction.
Finally, in Hall v Chrysler Corp, 172 Mich App 670, 672-673; 432 NW2d 398 (1988), the Court of Appeals held that no jurisdiction existed over an out-of-state injury because although the contract had been entered in Michigan with a Michigan company, the employee was not a Michigan resident.
At this point, two Supreme Court holdings and six Court of Appeals holdings left no doubt that § 8458 and its successors, 1948 CL 413.19 and MCL 418.845, were incontrovertibly the law[9] when this Court rejected this entire line of authority in Boyd.
Paying no heed to (1) the rationale of Roberts, (2) the unmistakable effect of the 1943 statutory amendment, and (3) the nine later cases implicitly recognizing these matters, the Boyd Court seized on the dicta in Roberts discussing the “humane purposes” of the WDCA. The Boyd Court asserted that MCL 418.845 could not be enforced because such a jurisdictional scheme was “not *38 only undesirable but also unduly restrictive.” Boyd, supra at 524. The Boyd majority, in the face of all contrary evidence, nonetheless opined that the Legislature had acquiesced in the Roberts construction. In reality, however, even assuming that legislative acquiescence is a valid judicial interpretative tool,[10] the Legislature had no need to acquiesce because the Legislature had, responding to Roberts, repealed the section (§ 8412) that had caused the predecessor of MCL 418.845 to be inoperable.[11] 11 Thus, MCL 418.845 should have been enforced, as it had been for many years. The Boyd Court erred in holding to the contrary.
B. STARE DECISIS
We conclude that overruling Boyd is warranted under the doctrine of stare decisis as set forth in Robinson. *39 Stare decisis is a principle of policy rather than an inexorable command, and this Court is not bound to follow precedent that is unworkable or badly reasoned. Robinson, supra at 464. In assessing whether to overrule a prior decision, we must consider whether the prior decision was wrongly decided, whether reliance interests would work an undue hardship, and whether changes in the law or facts no longer justify the decision. Id. “As to the reliance interest, the Court must ask whether the previous decision has become so embedded, so accepted, so fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations.” Id. at 466.
As discussed, the text of MCL 418.845 is so patently clear that its meaning is truly beyond any reasonable dispute. MCL 418.845 plainly grants jurisdiction to the bureau only where the injured employee was a resident of the state at the time of the injury and the contract of hire was made in Michigan. Because the Boyd Court (1) construed the statute to eliminate the residency requirement and (2) failed to recognize that the Legislature abrogated the Roberts decision by making the workers’ compensation system mandatory in 1943, we conclude that Boyd was wrongly decided.
We discern no basis to conclude that Boyd has become so fundamental to expectations that overruling it would produce practical, real-world dislocations. Overruling Boyd will not affect any employees who are injured in Michigan because MCL 418.845 addresses jurisdiction only for out-of-state injuries. Nor will our decision affect any Michigan residents who are injured in another state. Rather, it is only residents of other states who are injured outside Michigan who would be affected by overruling Boyd. We discern no reason to *40 believe that persons who neither live in Michigan nor suffer an injury in Michigan harbor expectations of receiving Michigan workers’ compensation coverage, let alone that any such expectations are so embedded and fundamental that real-world dislocations will arise.
Moreover, nonresidents who are injured in other states remain free to seek workers’ compensation benefits from the states in which they live or suffer injury. For example, plaintiff suffered an injury in his home state of Florida and obtained benefits under the Florida workers’ compensation system. We see no indication that, as a Florida resident who was injured in Florida, plaintiff harbored an expectation of receiving benefits under the Michigan workers’ compensation system in addition to the benefits he received from the Florida system.[12]
In considering the reliance interests at stake, we believe it is significant that the holding in Roberts has not consistently been the law in Michigan since 1932. In truth, Roberts was legislatively overruled by the 1943 amendments of the workers’ compensation act. Indeed, the Wolf decision recognized the legislative abrogation and properly applied the plain language of MCL 418.845 on the ground that the Roberts analysis was inapplicable to our modern, mandatory workers’ compensation system. Plaintiff has offered no evidence that chaos erupted, or that practical, real-world dislocations arose, *41 in the period between the Legislature’s abrogation of Roberts in 1943 and this Court’s Boyd decision in 1993.[13]
In addition, we believe that the clarity of the statutory language suggests that overruling Boyd will advance rather than disrupt reliance interests. Indeed, we made this very point in Robinson-.
Further, it is well to recall in discussing reliance, when dealing with an area of the law that is statutory ... , that it is to the words of the statute itself that a citizen first looks for guidance in directing his actions. This is the essence of the rule of law: to know in advance what the rules of society are. Thus, if the words of the statute are clear, the actor should be able to expect, that is, rely, that they will be carried out by all in society, including the courts. In fact, should a court confound those legitimate citizen expectations by misreading or misconstruing a statute, it is that court itself that has disrupted the reliance interest. When that happens, a subsequent court, rather than holding to the distorted reading because of the doctrine of stare decisis, should overrule the earlier court’s misconstruction. The reason for this is that the court in distorting the statute was engaged in a form of judicial usurpation that runs counter to the bedrock principle of American constitutionalism, i.e., that the lawmaking power is reposed in the people as reflected in the work of the Legislature, and, absent a constitutional violation, the *42 courts have no legitimacy in overruling or nullifying the people’s representatives. Moreover, not only does such a compromising by a court of the citizen’s ability to rely on a statute have no constitutional warrant, it can gain no higher pedigree as later courts repeat the error. [Robinson, supra at 467-468.]
The same reasoning applies here. We decline to perpetuate the distorted construction of MCL 418.845 adopted in Boyd. Rather, we are obligated to give effect to the statutory text to serve the fundamental expectation of our citizens that the law means what it says. The statute here is written in a plain, straightforward manner. Rather than give effect to this language, the Boyd Court nullified the clear policy choice made by the Legislature and thereby undermined the legitimate expectations of Michigan citizens that the courts will carry out the laws as they are written.
IV RESPONSE TO JUSTICE KELLY’S DISSENT
In her dissent, Justice KELLY disagrees with the legislative policy reflected in the clear language of MCL 418.845. She shares the Boyd majority’s view that the Legislature’s policy choice is “ ‘undesirable’ ” and “ ‘unduly restrictive.’ ” Post at 54 (quoting with approval from Boyd, supra at 523-524). Justice KELLY is certainly entitled to her personal opinion about what the law should be. She manifestly does not, however, possess the authority to rewrite the law that the people’s elected representatives have duly enacted. She nowhere explains the source of her authority to do this.
Under our constitution, “all political power is inherent in the people.” Const 1963, art 1, § 1. The people have chosen to vest the legislative power “in a senate and a house of representatives.” Const 1963, art 4, § 1. *43 The people have not forfeited lawmaking authority to a judicial aristocracy that may simply rewrite laws with which they disagree.
Here is a law that is perfectly clear to the reader. MCL 418.845 grants jurisdiction to the bureau for out-of-state injuries where “the injured employee is a resident of this state at the time of injury and the contract of hire was made in this state.” (Emphasis added.)
Despite this unassailably clear language, Justice KELLY asserts that the Boyd Court correctly identified the “intent behind § 845” as providing “jurisdiction over extraterritorial injuries without regard to the employee’s residence, provided the employment contract was entered into in Michigan with a resident employer.” Post at 51 (emphasis added). In other words, Justice KELLY says that the employee’s residence is simply irrelevant, despite the Legislature’s express statement to the contrary.
Presumably, Justice KELLY denies that she is arrogating to herself the power to rewrite the law. The clear statutory language quoted above naturally leads one to ask this question: Precisely what part of the word “and” is difficult to understand? Surely anyone who reads this statute can follow what it says without difficulty: jurisdiction is conferred where (1) the injured employee lives in Michigan at the time of injury and (2) the contract of hire was made in this state. MCL 418.845. The Legislature’s use of the word “and” makes it perfectly clear to any reader that both requirements must be met.
Despite all this, Justice KELLY has opined that the Legislature did not mean what it so clearly said. Justice KELLY offers no explanation for how the language of MCL 418.845 supports her interpretation. Her construction would subvert the legislative policy reflected *44 in the clear statutory language. In accord with our constitutional duty, we have applied the statutory language to the facts of this case, consistent with earlier caselaw that had prevailed before the aberrational decision in Boyd.
Finally, we note that Justice KELLY repeats her criticisms about the overruling of a prior decision. See her dissent in Rowland v Washtenaw Co Rd Comm, 477 Mich 197; 731 NW2d 41 (2007). Justice MAKKMAN’s concurrence in Rowland offers a thoughtful and illuminating response to those criticisms. I fully endorse the views that Justice Maekman expressed in that case.
v CONCLUSION
We hold that under the plain language of MCL 418.845, the workers’ compensation bureau has jurisdiction over out-of-state injuries only where the plaintiff was a resident of Michigan at the time of the injury and the employment contract was made in Michigan. We must therefore overrule the decision in Boyd.[14] The doctrine of stare decisis as explicated in Robinson supports the decision to overrule Boyd.[15]
*45 Taylor, C.J., and Young and Markman, JJ., concurred with Corrigan, J.

1 Unpublished opinion per curiam, issued October 18,2005 (Docket No. 256172), p 2.

 474 Mich 1087 (2006).

 This statute was enacted as part III, § 19 of the act by 1921 PA 173. In the 1929 Compilation, it was numbered 1929 CL 8458. In the 1948 Compilation, it was renumbered 1948 CL 413.19. 1969 PA 317, § 898 repealed 1948 CL 413.19 and Act 317 also enacted MCL 418.845. While the statute has been renumbered, repealed, and reenacted over the years, the original language is virtually identical to the current statute, MCL 418.845.

 The creation of the Workmen’s Compensation Act and the WDCA is discussed in Cain v Waste Mgt, Inc (After Remand), 472 Mich 236, 247-249; 697 NW2d 130 (2005).

 In Hulswit v Escanaba Mfg Co, 218 Mich 331; 188 NW 411 (1922), this Court reached a similar conclusion. Although this case was decided after the 1921 amendment, the act before the adoption of the amendment controlled that case.

 In her dissent, Justice Kelly argues that the “Court in Daniels relied on Cline v Byrne Doors, Inc, for the proposition that, ‘ “Under the provisions in the Michigan statute on which plaintiff relies [i.e., the precursor to § 845], his right to compensation depends on whether he was employed by virtue of a contract of hire made in this State.” ’ Daniels, 327 Mich at 530, quoting Cline v Byrne Doors, Inc, 327 Mich 540.” Post at 58. This is simply not true.
In Daniels, this Court noted the plaintiff’s argument that “neither the residence of the employee, the place or State of hiring, nor the place or State of injury is controlling.” Id. at 528. It then noted that the defendant had relied on the predecessor to the statute at issue here in arguing that the Workmen’s Compensation Commission had jurisdiction over out-of-state injuries only when “the injured employee is a resident of Michigan at the time of the injury and the contract of hire was made in Michigan.” Id. at 529-530. Further, it found that the only decision in Michigan after the effective date of 1943 PA 245, the amendment that made the act compulsory, Cline, supra, “does not decide the issue in the case at bar.” Id. at 530. This Court then stated that under the facts before it, the Workmen’s Compensation Commission exceeded its jurisdiction in making an award to the plaintiff. Id. While it is true that the Court never mentioned Roberts, the Legislature had by passing 1943 PA 245 destroyed the rationale and, with it, the viabihiy of Roberts, so no other reading of the case can be sustained. Thus, the Legislature having effectively dispatched Roberts, the Court in Daniels simply chose to ignore Roberts.

 In dissent, then-Judge Levin made the following telling observation regarding the effect of the 1943 amendment:
In eliminating the optional nature of coverage under the act and making coverage compulsory, and in eliminating the former statutory language that an electing employer agrees “to cover and *36 protect all employees employed in any and all of his businesses,” the legislature eliminated the fundamental bases of the Crane, Huslwit, and Roberts holdings. [Id. at 326-327 (Levin, EJ., dissenting).]

 The same understanding of the effect of 1943 FA 245 seen in Daniels explains why the Crenshaw Court neither distinguished nor overruled Roberts, and also why it did not cite Roberts as authority. Rather, it properly relied on the statute, which by its plain language required both that the employee was a resident of Michigan at the time of the injury and that the contract of hire was made in Michigan to deny the plaintiff benefits. Justice Kelly’s assertion in her dissent that some other reading is possible is, we believe, not convincing in the context of this case and the Daniels case.

 The one contrary decision, Austin, supra, was ignored by the seven decisions that followed.

 See the discussion in n 11 of this opinion for an explanation of this Court’s repudiation of the legislative acquiescence doctrine.

 In her dissent in Boyd, Justice Riley explained why she believed the majority’s reliance on the legislative acquiescence doctrine was misguided:
Considering the changes in the nature of the worker’s compensation system, as well as the clarity of the statutory language, the principle of legislative acquiescence should not be used to continue a decision that lacks persuasive legal foundation. Moreover, the clarity of the conjunctive language used in MCL 418.845; MSA 17.237(845) also supports the argument that the Legislature could not change the language of the statute after Roberts to add a residency requirement, because the clear language already existed in the statute and nothing else needed to be added. Therefore, legislative acquiescence to the Roberts decision is not as clear as the majority suggests. [Id. at 536.]
Moreover, after Boyd, this Court strongly criticized the doctrine of legislative acquiescence. In Donajkowski v Alpena Power Co, 460 Mich 243, 261; 597 NW2d 574 (1999), we stated that “ ‘legislative acquiescence’ is a highly disfavored doctrine of statutory construction; sound principles of statutory construction require that Michigan courts determine the Legislature’s intent from its words, not from its silence.” (Emphasis in original.)

 That states like Florida might not provide workers’ compensation benefits as generously as does Michigan’s system does not alter our conclusion. Any difference in the level of benefits afforded simply reflects a difference in the policy choices made by each sovereign state. The citizens of Florida through their elected representatives are free to fashion their workers’ compensation system as they see fit. If a Florida resident (such as plaintiff) believes that more generous benefits should be provided, the remedy lies with the Florida legislature, not with this Court.

 Notably, with the single exception of Austin in 1968, the published decisions before Boyd had not questioned that the Legislature’s 1943 amendment superseded Roberts. Of the nine cases that cited MCL 418.845 or its predecessor between 1950 and 1992, no case other than Austin suggested that Roberts continued to govern despite the 1943 amendment. See Daniels, supra; Austin, supra; Rodwell, supra; Crenshaw, supra; Jensen, supra; Shaw, supra; Wolf, supra; Bell, supra; and Hall, supra.
Thus, overruling Boyd will not produce chaos or practical, real-world dislocations because we are not creating a “new” rule of law. On the contrary, our decision simply restores the law to that which existed before the aberrational decision in Boyd.

 Justice Kelly incorrectly asserts that in addition to Boyd, we are also overruling Roberts. As we have explained, Roberts was legislatively abrogated by the 1943 amendments of the workers’ compensation act. It is unnecessary for this Court to overrule a decision that has already been overruled by legislative action.

 We disagree with the assertions by Justices Weaver and Kelly that we should limit our decision to prospective application. Such prospective application “is, essentially, an exercise of the legislative power to determine what the law shall be for all future cases, rather than an exercise of the judicial power to determine what the existing law is and apply it to the case at hand.” Devillers v Auto Club Ins Ass’n, 473 Mich 562, 587 n 57; 702 NW2d 539 (2005) (emphasis in original). This Court generally may not exercise powers properly belonging to another branch of government. Const 1963, art 3, § 2. Moreover, “prospective opinions are, in essence, *45 advisory opinions, and our only constitutional authorization to issue advisory opinions is found in Const 1963, art 3, § 8, which does not apply in this case.” Devillers, supra at 588 n 57. Accordingly, our holding in this case shall apply to all claimants for whom there has not been a final judgment awarding benefits as of the date of this opinion. Id.