CAVANAGH, J.
(concurring). I concur in the result, and I join the lead opinion in full except for part III(B). I *470 agree that the interpretation of MCL 418.845 adopted in Karaczewski v Farbman Stein & Co, 478 Mich 28; 732 NW2d 56 (2007), should only have been applied prospectively and that Karaczewski should be overruled to the extent that it held otherwise. I write separately because whereas the lead opinion applies the stare decisis approach from Robinson v Detroit, 462 Mich 439, 463-468; 613 NW2d 307 (2000), I continue to prefer the modified version of this approach articulated by Chief Justice KELLY in Petersen v Magna Corp, 484 Mich 300, 316-320; 773 NW2d 564 (2009) (opinion by Kelly, C.J.). The result, however, is the same.
Under my preferred approach to stare decisis, there is a presumption in favor of upholding precedent that may be rebutted only if there is a compelling justification to overturn precedent. Id. at 317. In determining whether a compelling justification exists, courts may use a number of evaluative criteria if relevant but, importantly, a compelling justification requires more than a mere belief that a case was wrongly decided.[1] Id. at 319-320. In this case, the narrow question presented is whether there is a compelling justification to overrule the Karaczewski majority’s decision to apply its interpretation of MCL 418.845 retroactively.
One criterion is particularly relevant to this question: the extent of reliance on the prior interpretation of MCL 418.845 and the extent to which overruling it might cause special hardship and inequity. See id. at 320. Although the reliance interests usually weigh against overruling a decision or, at best, are neutral, *471 this case presents the unusual situation in which the reliance interests weigh in favor of overruling a decision.[2] As noted in the lead opinion, the cases that will be affected by prospective application of Karaczewski are only those involving injuries that occurred before Karaczewski was decided. In those cases, overruling Karaczewski’s retroactive application and restoring the pr e-Karaczewski status quo is in accordance with the reliance interests.[3] In fact, inequity and hardship could result if the retroactivity of Karaczewski is not overturned. This is demonstrated by this case, in which the parties, relying on the pr e-Karaczewski status of the law, had been litigating the merits of the case for six years when Karaczewski was decided. Thus, because I think that the reliance interests formed in this and other similar cases constitute a compelling justification to overrule precedent, I concur in the majority’s decision to overrule the retroactive application of Karaczewski’s interpretation of the statute.

 In Petersen, Chief Justice Kelly provided a list of criteria that courts may use to consider whether there is a compelling justification, but the list is nonexhaustive and none of the criteria are determinative. They only need to be evaluated if relevant. See Petersen, 484 Mich at 320 (opinion by Kelly, C.J.).

 Indeed, the usual tensions present in a stare decisis analysis are absent in this case. Generally, stare decisis balances two concerns: “the need of the community for stability in legal rules and decisions and the need of courts to correct past errors.” Id. at 314. In this case, however, both concerns are advanced by overruling the retroactive application of Karaczewski.

 As stated by then Justice Kelly in Karaczewski, the essential rationale of the pr e-Karaczewski interpretation of MCL 418.845 had been in place for seven decades and was an essential part of the workers’ compensation regime in Michigan, such that “ [attorneys, employers, insurance carriers, and various employees” had relied on it for years. Karaczewski, 478 Mich at 62 (Kelly, J., dissenting).