KELLY, C.J.
(concurring in part and dissenting in part). I concur with the lead opinion that Karaczewski v Farbman Stein & Co[1] should never have been applied *472 retroactively. I would overrule Karaczewski in its entirety because I continue to believe that it should not have overruled Boyd vWG Wade Shows[2] and Roberts v I X L Glass Corp.[3] As I stated in my dissent in Karaczewski, during the 74 years that Roberts was controlling law, the Legislature took no steps to change or amend MCL 418.845.[4] Again, when this Court affirmed that interpretation of MCL 418.845 in Boyd, the Legislature did nothing.
Only after this Court upset 74 years of law in Karaczewski did the Legislature speak by enacting 2008 PA 499. It abrogated Karaczewski scarcely more than two years after it was decided.[5] Although some discard any use of legislative acquiescence as a tool for interpreting legislative intent, it is difficult to take issue with the fact that the Legislature took explicit action here.
Furthermore, I believe that the Robinson factors clearly call for overruling Karaczewski.[6] First, as discussed previously, the enactment of 2008 PA 499 was a *473 change in the law that undercut and undermined the original basis for the decision. Allowing the central holding of Karaczewski to remain intact has a disturbing effect. It disenfranchises the unfortunate group of out-of-state workers with contracts for hire made in Michigan who were injured on the job after Karaczewski was decided but before 2008 PA 499 went into effect. I believe that 2008 PA 499 is evidence that the Legislature did not intend to arbitrarily deprive this group of benefits.
Second, overturning Karaczewski would not work an undue hardship. Reliance on it has been minimal, given that it was decided recently. Because it displaced 74 years of precedent in Michigan, it is not “so embedded, so accepted, so fundamental, to everyone’s expectations” that overruling it would result in “significant dislocations.”[7] Karaczewski itself displaced reliance interests by overturning a fundamental part of the workers’ compensation regime, even if only for a brief period, thanks to the Legislature’s quick enactment of 2008 PA 499.[8]
I believe these compelling justifications necessitate that this Court overrule Karaczewski. Accordingly, while I concur with the majority that Karaczewski does not apply retroactively, I would overrule it entirely.

 Karaczewski v Farbman Stein & Co, 478 Mich 28; 732 NW2d 56 (2007).

 Boyd v W G Wade Shows, 443 Mich 515; 505 NW2d 544 (1993).

 Roberts v I X L Glass Corp, 259 Mich 644; 244 NW 188 (1932).

 Karaczewski, 478 Mich at 46-47 (Kelly, J., dissenting).

 See House Legislative Analysis, SB 1596, December 11, 2008 (stating that “the Michigan Supreme Court reversed longstanding case law” in Karaczewski and “eliminated coverage for injuries that had previously been covered under the act, reducing compensation for injured workers, and causing potential problems for employers”); Senate Legislative Analysis, SB 1596, November 12, 2008 (explaining that the purpose of 2008 PA 499 is to restore the Workers’ Compensation Agency’s jurisdiction in response to Karaczewski).
I recognize that 2008 PA 499 ultimately expanded jurisdiction in workers’ compensation cases beyond where it had been before Karaczewski. But the legislative analyses make clear that the amendment was in direct response to Karaczewski and sought to restore jurisdiction to the Workers’ Compensation Agency.

 Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000).
*473 I remain committed to the stare decisis factors I proposed in Petersen v Magna Corp, 484 Mich 300, 317-320; 773 NW2d 564 (2009), and I believe that this Court should adopt those factors.

 Robinson, 462 Mich at 466.

 See Karaczewski, 478 Mich at 51-61 (Kelly, J. dissenting) (discussing the Robinson factors as applied to Roberts and Boyd and finding that not a single factor supported overruling them).