## WALKER v CITY OF FLINT

Docket No. 164201. Submitted June 6, 1995, at Detroit. Decided August 22, 1995, at 9:10 A.M. Leave to appeal sought.

Ruth Walker, as next friend of Alfonso Johnson, a minor, brought an action in the Genesee Circuit Court against the City of Flint, alleging liability under the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), for injury to the minor caused by the city's failure to maintain in reasonable repair a sidewalk under its jurisdiction. The court, Judith A. Fullerton, J., entered judgment on a jury verdict and award of damages for the plaintiff, denying the defendant's motion for judgment notwithstanding the verdict or a new trial. The defendant appealed.

The Court of Appeals *held:*

Open and obvious danger is a defense to a claim based on a premises owner's duty under the common law to warn of dangers on the premises, but is not a defense to a claim based on a governmental agency's duty under the highway exception to governmental immunity to maintain a highway in reasonable repair.

1. The trial court correctly refused to instruct the jury about open and obvious dangers.

2. The trial court correctly ruled that the common-law duty to warn of dangers on premises and the statutory duty to maintain a highway in reasonable repair are separate and distinct duties.

3. The trial court did not err in denying the motion for judgment notwithstanding the verdict or a new trial. The motion was premised on the contention that the defendant owed no duty in light of the open and obvious danger.

Affirmed.

NEGLIGENCE — PREMISES LIABILITY — GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

Open and obvious danger is a defense to a claim raised against a

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 394; Premises Liability § 150.

See ALR Index under Sidewalks.

municipality for personal injury sustained on a municipal sidewalk where the claim is based on the common-law duty to warn of dangers on premises, but not where the claim is based on the municipality's duty under the highway exception to governmental immunity to maintain sidewalks in reasonable repair (MCL 691.1401[a],[d],[e], 691.1402[1]; MSA 3.996[101] [a],[d],[e], 3.996[102][1]).

*Blum, Konheim, Elkin & Blum* (by *David J. Elkin*), for the plaintiff.

*Loyst Fletcher, Jr.,* and *Barry A. Wolf,* for the defendant.

Before: JANSEN, P.J., and FITZGERALD and R. R. LAMB,* JJ.

JANSEN, P.J. Defendant City of Flint appeals as of right from an April 14, 1993, judgment of $12,572.28 entered on a jury verdict in plaintiff's favor. We affirm.

This case involves a slip and fall on a city sidewalk. On August 7, 1991, eight-year-old Alfonso Johnson was walking to his cousin's house when he tripped and fell over a raised portion of sidewalk in the City of Flint. Alfonso received a four-centimeter cut to his scalp, which required stitches and resulted in a scar.

James Hill resided in the house in front of which the sidewalk where Alfonso tripped and fell was located. Hill testified that the roots of an elm tree caused the sidewalk to buckle. Hill stated that he contacted defendant's public works department to fix the bump. The public works department built up a mound of asphalt over the top of the bump. As the tree grew, the sidewalk required refilling. Hill estimated that the bump was approximately twelve inches in height. According to Jef-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

frey Bye, a street maintenance supervisor for defendant, city employees had placed asphalt on the raised portion of the sidewalk to smooth it. Bye stated that the raised portion was open and obvious for all to see.

Plaintiff filed suit against defendant on January 13, 1992, alleging that defendant failed to maintain and repair the sidewalk in a reasonably safe manner. It was plaintiff's theory that this claim fell within the highway exception to governmental immunity. The case went to a jury trial, and the jury found in plaintiff's favor. Following the jury's verdict, defendant moved for judgment notwithstanding the verdict (JNOV) or a new trial. The trial court denied the motion. Defendant now raises three issues on appeal.

Defendant first argues that the trial court erred in refusing to give its requested instruction concerning its theory that the danger was open and obvious. The trial court denied defendant's requested instruction, ruling that the instruction was not applicable because plaintiff's theory of the case invoked duties arising from the highway exception to governmental immunity rather than a failure to warn.

A standard jury instruction must be given if it is requested by a party, is applicable, and accurately states the applicable law. MCR 2.516(D)(2). Jury instructions are reviewed in their entirety to determine whether the instructions given adequately informed the jury regarding the applicable law reflecting and reflected by the evidentiary claims in the particular case. *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 101; 485 NW2d 676 (1992).

The trial court did not err in denying defendant's requested instruction concerning an open and obvious danger because plaintiff's claim was

not premised on a failure to warn theory. In *Riddle,* our Supreme Court explained that a premises owner must maintain the property in a reasonably safe condition and has a duty to exercise due care to protect invitees from conditions that might result in injury. A premises owner's duty to warn extends to hidden or latent defects. *Id.,* pp 90-91. However, where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless the invitor should anticipate the harm despite knowledge of it on behalf of the invitee. *Id.,* p 96.

In *Riddle,* the issue to be determined was whether a premises owner must warn invitees of known or obvious dangers. *Id.,* p 88. The Supreme Court simply reiterated the rule that there is no absolute duty to warn an invitee of an open and obvious danger. *Id.,* p 97. The scope of the duty to warn was revisited in *Glittenberg v Doughboy Recreational Industries (On Rehearing),* 441 Mich 379; 491 NW2d 208 (1992). There, the Supreme Court stated that a manufacturer or seller has no duty to warn of open and obvious dangers connected with an otherwise nondefective product. *Id.,* p 390. Accordingly, the open and obvious danger rule is applicable to a duty to warn case.

In the present case, plaintiff's theory of liability was not based on a duty to warn. Rather, plaintiff's theory of liability was premised on the highway exception to governmental immunity, which is a statutory duty. We make clear that a claim of a duty to warn is a separate and distinct theory of liability from a statutory duty to maintain and repair under the highway exception to governmental immunity. See, e.g., *Poe v Detroit,* 179 Mich App 564, 567; 446 NW2d 523 (1989) (the duty to

warn was "an additional theory of liability" where the plaintiff also alleged a breach of a statutory duty). The defense of open and obvious danger relates to a claim of a duty to warn, but will not exonerate a defendant from liability where the claim is one of a duty to maintain and repair the premises.

Accordingly, the trial court did not err in denying defendant's requested instruction of an open and obvious danger. That defense is not available where plaintiff's theory of liability was based on the statutory duty to maintain and repair the sidewalk under the highway exception to governmental immunity. Because defendant's requested instruction regarding an open and obvious danger was not applicable to plaintiff's theory, the trial court correctly denied the requested instruction.

Defendant next argues that the trial court erred in ruling that the statutory duty to maintain and repair the sidewalk was separate from the common-law duty to warn.

As we have stated, the trial court correctly ruled that defendant's duty was statutory and not based on the common-law duty to warn. Duty may be created expressly by statute, or it may arise under the common law. *Riddle, supra,* p 95. By statute, governmental agencies are immune from tort liability while engaging in a governmental function, except for those activities that fall within one of the narrowly drawn exceptions. *Mason v Wayne Co Bd of Comm'rs,* 447 Mich 130, 134; 523 NW2d 791 (1994). This case involves the highway exception. MCL 691.1402(1); MSA 3.996(102)(1). Defendant city, a municipal corporation, is a governmental agency under the statute. MCL 691.1401(a), (d); MSA 3.996(101)(a), (d). "Highway" is defined broadly to include "every public highway, road, and street which is open for public travel and

shall include bridges, sidewalks, crosswalks and culverts on any highway." MCL 691.1401(e); MSA 3.996(101)(e).

In this case, liability is premised on MCL 691.1402(1); MSA 3.996(102)(1), which requires the governmental agency having jurisdiction over the highway to maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person sustaining injury due to a failure of the governmental agency to keep the highway in reasonable repair may recover for damages suffered. Plaintiff's theory of liability is premised on this statute. The trial court's ruling that the common-law duty to warn did not apply was correct because plaintiff's complaint alleged that defendant breached its duty to maintain and repair the sidewalk, for which breach it may be held liable under the highway exception to governmental immunity.

We emphasize that the defense of open and obvious danger does not apply to this case, where liability is premised on a statutory duty to maintain and repair a sidewalk. Defendant city had a statutory duty to maintain the sidewalk in reasonable repair so that it was reasonably safe for public travel. MCL 691.1402(1); MSA 3.996(102)(1). Thus, defendant cannot use the defense of open and obvious danger to avoid liability where it has a statutory duty to maintain the sidewalk in reasonable repair.

Finally, defendant argues that the trial court erred in denying its motion for JNOV or a new trial. Defendant is essentially repeating its earlier contention that because the defect was open and obvious, it did not owe a duty to plaintiff's minor.

The defense of open and obvious danger does not apply to this case where plaintiff alleged that defendant breached a statutory duty. Contrary to

defendant's claim, it did owe a duty to plaintiff's minor under the highway exception to governmental immunity where plaintiff alleged that defendant failed to maintain and repair the sidewalk in a reasonably safe manner. See MCL 691.1402(1); MSA 3.996(102)(1). Therefore, the trial court did not permit a verdict to stand that is contrary to law as defendant claims. The defense of open and obvious danger simply does not apply to this case where plaintiff did not allege a duty to warn. The trial court did not err in denying defendant's motion for JNOV or a new trial.

Affirmed.