**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Marilyn Kelly

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway

FILED MAY 10, 2010

ANTHONY J. BREWER,

      Plaintiff-Appellant,

v

No. 139068

A. D. TRANSPORT EXPRESS, INC., and
ACCIDENT FUND INSURANCE
COMPANY OF AMERICA,

      Defendants-Appellees.

BEFORE THE ENTIRE BENCH

CORRIGAN, J.

This case requires us to consider whether a recent expansion of the subject-matter jurisdiction of the Workers' Compensation Agency over out-of-state injuries, MCL 418.845, as amended by 2008 PA 499, applies retroactively to cases in which the claimant was injured before the effective date of the amendment. We hold that the amendment does not apply because the statutory text does not manifest a legislative intent to apply the amendment to antecedent injuries. Moreover, the amendment does not fall within an exception for remedial or procedural amendments that may apply retroactively; rather, it created an important new legal burden and potentially enlarged existing substantive rights.

We thus affirm the decision of the Workers' Compensation Appellate Commission (WCAC) upholding the magistrate's dismissal of plaintiff's petition for lack of jurisdiction.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiff Anthony J. Brewer, a Michigan resident, sought workers' compensation benefits for an injury he allegedly suffered in Ohio in 2003 while working for defendant A. D. Transport Express, Inc., as a truck driver. Defendant denied that plaintiff's contract of hire was made in Michigan, a necessary condition for the Workers' Compensation Agency to exercise jurisdiction over plaintiff's out-of-state injury under the jurisdictional standard in effect when plaintiff was injured, MCL 418.845, as enacted by 1969 PA 317. Despite acknowledging that whether the contract of hire was made in Michigan was at issue, plaintiff's counsel failed to present any direct proof regarding where and how plaintiff was hired.

Defendant's trucking company is headquartered in Canton, Michigan, but it has satellite offices in Kentucky and New Jersey and provides transportation services nationwide. Plaintiff's payroll and employment records showed the Canton office address, but the magistrate found that these facts did not satisfy plaintiff's burden of proof to establish jurisdiction. The record contained no evidence of what contact, if any, plaintiff had with the Canton office during the hiring process. Moreover, plaintiff's employment required him to drive to destinations in both Michigan and Ohio. The magistrate thus concluded that

2

speculation would be required to find that the contract of hire was made in Michigan and dismissed plaintiff's petition.

The WCAC affirmed, finding no facts that would allow the magistrate to conclude that the contract of hire was made in Michigan. It noted plaintiff's failure to present evidence of the circumstances or location of his hiring.

The Court of Appeals denied plaintiff's application for leave to appeal for lack of merit in the grounds presented.[1]

Plaintiff applied for leave to appeal in this Court. We directed the clerk to schedule oral argument on the application and directed the parties to "address whether the legislative change to MCL 418.845, 2008 PA 499, should be applied to this case."[2]

## II. STANDARD OF REVIEW

Whether the amendment of MCL 418.845 enacted by 2008 PA 499 applies retroactively is a question of law that we review de novo. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001).[3]

---

[1] *Brewer v A D Transport Express, Inc*, unpublished order of the Court of Appeals, entered May 5, 2009 (Docket No. 289941).

[2] *Brewer v A D Transport Express, Inc*, 485 Mich 853 (2009).

[3] No basis exists under MCL 418.861a(3) and (14) to reverse the administrative finding that plaintiff failed to establish that the contract of hire was made in Michigan. We thus confine our analysis to the legal question whether the amendment enacted by 2008 PA 499 applies retroactively.

3

III. ANALYSIS

At the time of plaintiff's injury, MCL 418.845 provided:

> The bureau [now the Workers' Compensation Agency] shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury *and* the contract of hire was made in this state. Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act. [Emphasis added.]

We discussed the history of this jurisdictional provision in *Karaczewski v Farbman Stein & Co*, 478 Mich 28, 33-38; 732 NW2d 56 (2007). The essential point is that beginning with the first enactment of a provision in 1921, the text of MCL 418.845 and its predecessors had, until the enactment of 2008 PA 499, always provided jurisdiction over out-of-state injuries if (1) the injured employee resided in this state at the time of injury *and* (2) the contract of hire was made in Michigan. In *Boyd v W G Wade Shows*, 443 Mich 515; 505 NW2d 544 (1993), however, a majority of this Court declined to enforce the residency requirement on the basis of its view that the requirement had not been enforced since its rejection by *Roberts v I X L Glass Corp*, 259 Mich 644; 244 NW 188 (1932).[4] The *Boyd* Court viewed the residency requirement as "not only undesirable but also unduly restrictive." *Boyd*, 443 Mich at 524.

---

[4] This view was rejected in *Karaczewski*, 478 Mich at 34-38, because a majority of the Court believed that the residency requirement had been applied since the enactment of 1943 PA 245.

In *Karaczewski*, the majority opinion overruled *Boyd* and held that MCL 418.845 must be applied as written. The majority explained that the Legislature's use of the conjunctive term "and" required that both jurisdictional requirements be met. *Karaczewski*, 478 Mich at 33. Nonetheless, in order to protect the reliance interests of plaintiffs who had received or were receiving benefits as part of a final judgment, the majority applied its holding only to claimants for whom there had not been a final judgment awarding benefits as of the date of the opinion. *Id.* at 45 n 15.[5]

Following this Court's decision in *Karaczewski*, the Legislature enacted 2008 PA 499, effective on January 13, 2009, amending MCL 418.845 to provide jurisdiction over out-of-state injuries "if the injured employee is employed by an employer subject to this act and if *either* the employee is a resident of this state at the time of injury *or* the contract of hire was made in this state." (Emphasis added.) Thus, under the amendment, a claimant injured outside Michigan need only show *either* that he was a Michigan resident at the time of his injury *or* that his contract of hire was made in this state. This expansion of jurisdiction is unprecedented because even under *Boyd*, a claimant was required to show that the

_____

[5] On the same date that we heard oral argument in this case, this Court also heard argument in *Bezeau v Palace Sports & Entertainment, Inc* (Docket No. 137500) regarding whether the *Karaczewski* holding should be further limited to apply only prospectively. As plaintiff has acknowledged, however, the extent of retroactivity of *Karaczewski* has no bearing on this case because the jurisdictional requirement at issue here, that the contract of hire have been made in Michigan, was enforced even under *Boyd*.

contract of hire was made in Michigan. The Legislature has now gone further to authorize jurisdiction when a Michigan resident is injured *outside Michigan under a contract of hire that was not made in Michigan*.[6]

The question we must resolve is whether the amendment of MCL 418.845 enacted by 2008 PA 499 applies retroactively to a claimant such as plaintiff who was injured before the effective date of the amendment. "In determining whether a statute should be applied retroactively or prospectively only, '[t]he primary and overriding rule is that legislative intent governs. All other rules of construction and operation are subservient to this principle.'" *Frank W Lynch*, 463 Mich at 583 (citation omitted). Statutes are presumed to apply prospectively only unless a contrary intent is clearly manifested. *Id*. "We note that the Legislature has shown on several occasions that it knows how to make clear its intention that a statute apply retroactively." *Id*. at 584; see also *Nicholson v Lansing Bd of Ed*, 423 Mich 89, 93; 377 NW2d 292 (1985) (stating that in workers' compensation cases, the statutory provision in effect at the time of the injury governs "unless the Legislature clearly indicates a contrary intention"). Even if the Legislature acts to invalidate a prior decision of this Court, the amendment is limited to prospective application if it enacts a substantive change in the law. *Hurd v Ford Motor Co*, 423 Mich 531, 533; 377 NW2d 300 (1985).

---

[6] Although constitutional challenges to this expansion of jurisdiction may arise, no such issues have been raised in this case, and we need not address them at this time.

Here, 2008 PA 499 contains no language that would clearly manifest a legislative intent to apply the new jurisdictional standard retroactively. The amendment merely states the new jurisdictional standard; it contains no language suggesting that this new standard applies to antecedent events or injuries. Therefore, the amendment applies only to injuries occurring on or after the effective date of the amendment, January 13, 2009.

In addition, this Court has recognized that "providing a specific, future effective date and omitting any reference to retroactivity" supports a conclusion that a statute should be applied prospectively only. See *White v Gen Motors Corp*, 431 Mich 387, 398-399; 429 NW2d 576 (1988) (opinion by RILEY, J.), relying on *Selk v Detroit Plastic Prods (On Resubmission)*, 419 Mich 32, 35 n 2; 348 NW2d 652 (1984). As discussed, in adopting 2008 PA 499, the Legislature provided a specific, future effective date of January 13, 2009, and omitted any reference to retroactivity.

Further undermining any notion of a legislative intent to apply the amendment of MCL 418.845 retroactively is the fact that, although the Legislature adopted the amendment after our decision in *Karaczewski,* it did not reinstate the pre-*Karaczewski* state of the law. On the contrary, the amendment enacted by 2008 PA 499 created *an entirely new jurisdictional standard*, granting jurisdiction over out-of-state injuries of Michigan employees whose contracts of hire were not made in Michigan. That is, this amendment did not restore the status quo before *Karaczewski*, which required a Michigan contract of hire for jurisdiction, but

7

instead created a new rule under which *either* a Michigan contract of hire *or* Michigan residency would suffice. In light of these circumstances and the text of the amendment, we simply can discern no clearly manifested legislative intent to apply the amendment retroactively.

Moreover, the amendment of MCL 418.845 does not fall within an exception for "remedial" or "procedural" amendments that may apply retroactively. *Frank W Lynch*, 463 Mich at 584. In *Franks v White Pine Copper Div*, 422 Mich 636, 672; 375 NW2d 715 (1985), the Court explained that "statutes which operate in furtherance of a remedy or mode of procedure and which neither create new rights nor destroy, enlarge, or diminish existing rights" may be applied retroactively. An amendment that affects substantive rights is not considered "remedial" in this context. *Id.* at 673; *Frank W Lynch*, 463 Mich at 585; *White*, 431 Mich at 397 (opinion by RILEY, J.). Even if a new cause of action is not created, a statute may not be applied retroactively if it creates "'an important new legal burden . . . .'" *Frank W Lynch*, 463 Mich at 585, quoting *Landgraf v USI Film Prods*, 511 US 244, 283; 114 S Ct 1483; 128 L Ed 2d 229 (1994).

We conclude that the exception for remedial or procedural amendments does not apply because 2008 PA 499 created an important new legal burden and potentially enlarged existing rights. By expanding the jurisdiction of the Workers' Compensation Agency to include out-of-state injuries suffered by Michigan employees whose contracts of hire were not made in Michigan, the amendment imposed a new legal burden on out-of-state employers not previously subject to

8

the jurisdiction of the Workers' Compensation Agency. It also potentially enlarged existing rights for Michigan residents injured in other states under contracts of hire not made in Michigan.

We thus conclude that the amendment of MCL 418.845 enacted by 2008 PA 499 does not fall within the exception for legislation that is deemed remedial or procedural.

## IV. CONCLUSION

We hold that the amendment of MCL 418.845 enacted by 2008 PA 499 does not apply retroactively to cases in which the claimant was injured before the effective date of the amendment. The amendment contains no language clearly manifesting a legislative intent that it apply retroactively. Moreover, the amendment created an important new legal burden and potentially enlarged existing rights; it consequently does not fall within an exception for remedial or procedural amendments that may apply retroactively. We thus affirm the decision of the Workers' Compensation Appellate Commission upholding the magistrate's dismissal of plaintiff's petition for lack of jurisdiction.

Maura D. Corrigan
Michael F. Cavanagh
Robert P. Young, Jr.
Stephen J. Markman

KELLY, C.J. I concur in the result only.

Marilyn Kelly

9

# S T A T E  O F  M I C H I G A N

# SUPREME COURT

ANTHONY J. BREWER,

      Plaintiff-Appellant,

v                                      No. 139068

A. D. TRANSPORT EXPRESS, INC., and
ACCIDENT FUND INSURANCE
COMPANY OF AMERICA,

      Defendants-Appellees.

_____

HATHAWAY, J. (*dissenting*).

We dissent from the majority's decision in this matter. Leave to appeal was not granted in this case. Rather, oral argument on plaintiff's application for leave to appeal in this Court was heard in order to determine whether we should grant leave to appeal, deny leave to appeal, or take other peremptory action. Having reviewed the limited briefing and having heard limited oral argument, we would grant leave to appeal because we believe that the Court would benefit from plenary review of the issues before rendering a decision.

                                           Diane M. Hathaway
                                           Elizabeth A. Weaver