*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RHONDA SCHILLING,

      Plaintiff-Appellee,

v

CITY OF LINCOLN PARK,

      Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 342448
Wayne Circuit Court
LC No. 17-004104-NO

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant, the City of Lincoln Park (the City), appeals as of right an order denying its motion for summary disposition in this negligence action stemming from plaintiff's trip and fall on a city sidewalk. We affirm and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL BACKGROUND

On February 15, 2016, plaintiff was walking on the sidewalk near her home when she tripped and fell. Plaintiff testified in her deposition that she did not see any issues with the condition of the sidewalk before she tripped and fell. She was looking towards her house, not down at the sidewalk, when she suddenly "caught [her] right foot" on the sidewalk and tripped, causing her to fall. After she fell, she heard two "snaps" and believed she had broken her foot. Plaintiff could not walk and her neighbors carried her home. She did not look at the sidewalk to see what caused her to trip, but assumed her toe came in contact with the sidewalk, causing her to fall. Plaintiff went to the hospital where she underwent surgery for a fractured ankle. At some point after her cast was removed, she returned to the sidewalk where she tripped and took photographs, which depicted a slab of sidewalk raised about two inches higher than the adjacent slab.

On March 9, 2017, plaintiff filed this negligence case asserting that the vertical discontinuity in the sidewalk caused her to trip and fall, and claiming that the City breached its statutory duty under MCL 691.1402a(1) to maintain the sidewalk in reasonable repair. The City asserted governmental immunity as an affirmative defense and filed a motion for summary disposition under MCR 2.116(C)(7) and (10), arguing that plaintiff could not establish that the

-1-

vertical discontinuity defect in the sidewalk was two inches or more, necessary to rebut the presumption under MCL 691.1402a(3) that the City maintained the sidewalk in reasonable repair. The City relied on a series of photographs showing the raised sidewalk slab in the area where plaintiff purportedly tripped and fell, i.e., a vertical discontinuity, measuring slightly less than two inches. The City also relied on the deposition testimony of John Kozuh, a civil engineer employed by the City as the Director of the Department of Public Services, that he "speculated" from review of the photographs of the subject sidewalk that the "raise" was an inch and seven-eighths in one photograph and an inch and a half in another photograph, albeit it was not clear to which photographs he was referring. From his inspection of the sidewalk, Kozuh, who was familiar with how vertical discontinuities in sidewalks form, testified that he believed the sidewalk was likely raised by tree roots, which could take years to occur. Alternatively, the City asserted that it was entitled to assert an open and obvious defense under MCL 691.1402a(5), as recently amended by 2016 PA 419, and plaintiff's claim was barred because of the open and obvious nature of the defective sidewalk that was not unreasonably dangerous.

In response, plaintiff argued that the evidence established, or minimally was sufficient to survive summary disposition, that the vertical discontinuity was at least two inches and therefore she rebutted the statutory presumption under MCL 692.1402a(3) that the City maintained the sidewalk in reasonable repair. She ultimately relied on a photograph purportedly depicting the area of the sidewalk where she tripped and fell, showing the vertical discontinuity in the area measuring at slightly less than or, at best, just at two inches. Plaintiff also argued that the City could not assert an open and obvious defense under MCL 691.1402a(5), as amended by 2016 PA 419, because the amendment took effect after her cause of action accrued. Plaintiff argued that the amendment, adding subsection (5) to allow the City to assert an open and obvious defense, affected her substantive right to bring her accrued action against the City and thus should not be retroactively applied. Even so, plaintiff maintained that the open and obvious doctrine would not bar her claim because the sidewalk's hazardous condition presented an unreasonable risk of harm.

At the hearing on the City's motion for summary disposition, the trial court reviewed the photographs of the subject sidewalk and expressed its belief that the vertical discontinuity appeared to be less than two inches, but ultimately found that it presented an issue of fact for the jury to decide, and thus denied the motion. After hearing argument regarding the applicability of the open and obvious defense, the trial court agreed that the amendment to MCL 691.1402a was substantive in nature and declined to grant summary disposition on that issue as well. After the trial court entered its order denying the City's motions for summary disposition and reconsideration, the City appealed.

## II. TWO-INCH RULE UNDER MCL 691.1402a(3)

The City first claims that the trial court erred in denying its motion for summary disposition because plaintiff failed to establish a vertical discontinuity defect in the sidewalk of two or more inches at the point where she tripped and fell, necessary to rebut the statutory presumption under MCL 691.1402a(3) that the City maintained the sidewalk in reasonable repair. We disagree.

The City brought its motion for summary disposition under MCR 2.116(C)(7) and (C)(10). This Court in *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012), set forth the standard to review a (C)(7) motion as follows:

> This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The applicability of governmental immunity and the statutory exceptions to immunity are also reviewed de novo on appeal. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). MCR 2.116(C)(7) provides for summary disposition when a claim is "barred because of . . . immunity granted by law. . . ." The moving party may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. *Id*. We must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7). *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. But when a relevant factual dispute does exist, summary disposition is not appropriate. *Id*.

"A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support for a claim." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 474-475; 776 NW2d 398 (2009). In evaluating a motion brought under (C)(10), "the court views the evidence in the light most favorable to the party opposing the motion." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (citations omitted). A trial court must not "weigh the evidence or make determinations of credibility when deciding a motion for summary disposition." *Innovative Adult Foster Care*, 285 Mich App at 480.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., generally grants governmental agencies immunity from tort liability but there are several exceptions. *Moraccini*, 296 Mich App at 391-392. Relevant to this case is the highway exception, which is set forth at MCL 691.1402(1), and provides, in relevant part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

More specifically, under MCL 691.1402a, municipalities have a statutory duty to maintain sidewalks in reasonable repair, and an individual who sustains injury due to the failure of a municipality to maintain its sidewalks in reasonable repair may recover damages from the municipality. *Walker v City of Flint*, 213 Mich App 18, 21-23; 539 NW2d 535 (1995). At the time of plaintiff's trip and fall accident, MCL 691.1402a provided, in pertinent part:

> (1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.
>
> (2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.
>
> (3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:
>
> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.
>
> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.
>
> (4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.[1]

Accordingly, to invoke the sidewalk exception to governmental immunity, plaintiff must overcome the presumption under MCL 691.1402a(3) that the City maintained the sidewalk in reasonable repair by showing that a proximate cause of her injury was a vertical discontinuity defect of at least two inches and/or a dangerous condition in the sidewalk itself of a character other than solely a vertical discontinuity.[2]

---

[1] As we discuss later, effective January 4, 2017, MCL 691.1402a was amended to add subsection (5), which permits a municipality to assert any defense available under the common law with respect to a premises liability claim, including a defense that the condition was open and obvious. 2016 PA 419.

[2] Plaintiff did not allege a dangerous condition in the sidewalk other than the vertical discontinuity, nor does she argue such on appeal. At the motion hearing, the City also argued that it was entitled to summary disposition on the basis that plaintiff did not trip and fall as a result of the vertical discontinuity, given her deposition testimony that she did not see what caused her to fall at the time of the accident and the EMS and medical records indicating that she

There is no dispute that the photographs of the area of the subject sidewalk where plaintiff identified with an "X" the point where she tripped and fell—at the very right-hand edge of the sidewalk slightly left of a weed protruding out of the crack in the slab—depicts an area of the sidewalk that is clearly uneven and raised higher than the adjacent slab, i.e., "a vertical discontinuity." The parties dispute whether the evidence was sufficient to create a question of fact as to whether the vertical discontinuity defect in the sidewalk was two or more inches, required to rebut the presumption under MCL 691.1402a(3) that the City maintained the sidewalk in reasonable repair.

As proof that the vertical discontinuity in the sidewalk failed to meet the two-inch threshold, the City relied primarily on a photograph showing a ruler placed at a point that appears to be within the area plaintiff purportedly tripped and fell, at a point slightly left of the protruding weed on the right-hand edge of the sidewalk. While the photograph is black and white and somewhat blurry, the ruler in that photograph shows a measurement of the vertical discontinuity of the sidewalk at that point of slightly less than two inches.[3] Defendant also refers to the deposition testimony of Kozuh, the City's DPS director and a civil engineer, who viewed photographs and testified that he believed the vertical discontinuity was less than two inches, speculating that the "raise" was "an inch and seven-eight[h]s" on one photograph and "approximately an inch and a half" on a second photograph, albeit it is not clear from the record which photographs he viewed.

To establish that the vertical discontinuity defect met the two-inch threshold necessary to rebut the statutory presumption of reasonable repair, MCL 692.1402a(3), plaintiff directs this Court to a photograph that appears to depict the same general area of the sidewalk where she purportedly tripped and fell—on the right-hand edge of the raised sidewalk slab near a protruding weed.[4] This photograph measures the vertical discontinuity with a measuring tape,

_____

slipped on ice, causing her to fall. However, plaintiff testified unequivocally that she tripped, and did not slip, the sidewalk was not snow covered or icy, and she did not recall telling the medical personnel who treated her that she slipped but believed she told them that she tripped. Further, although plaintiff testified that she did not know what caused her to trip at the time of the accident as she did not look, it could be reasonably inferred from the location of her accident, at a point where the sidewalk was clearly raised and uneven, that she fell as a result of tripping on the raised sidewalk. Minimally, the evidence presents a question of fact regarding the proximate cause of her injury.

[3] Apparently, these are the photographs of the location of her trip and fall that plaintiff initially provided to the City.

[4] As plaintiff pointed out on appeal, it is apparent that the series of photographs measuring the vertical discontinuity she originally submitted with her initial response to the City's motion for summary disposition depicts the opposite side of the sidewalk slab from where she tripped and fell. Thus, those photographs did not accurately reflect the vertical discontinuity defect at the point where she tripped and fell. Accordingly, we do not consider those photographs for purposes of this appeal.

which appears to be placed at a point farther left from, but still in the same general area, of the "X" identifying where plaintiff tripped and fell. Specifically, the "X" plaintiff identified as the spot she tripped is at, or slightly left, of the large weed protruding out of the crack of the raised slab at the right-hand edge of the sidewalk and the measuring tape in plaintiff's photograph appears to be at a point further left from the large protruding weed.[5] Nevertheless, the measurement in plaintiff's photograph, while not exactly at the point of the "X", appears to be in the same general three-to-four inch area surrounding the point where she purportedly tripped and fell. The photograph shows one end of the measuring tape, at the point of the bend of the shadow, measuring the vertical discontinuity at slightly less than two inches. At the other end of the measuring tape, the discontinuity appears to be very close to or just at the two-inch mark on the tape, but the position of the measuring tape is tilted at a slight angle, is not directly perpendicular to the raised sidewalk, and appears to be sitting on leaf debris, making it difficult to definitively discern if the vertical discontinuity is at least two inches. At best, the photograph shows a measurement of the vertical discontinuity in the sidewalk just at two inches.

While we agree, after carefully reviewing the photographs relied on by the parties, that it appears that the vertical discontinuity in the area where plaintiff tripped and fell may be just short of the two inches necessary to rebut the statutory presumption that the City maintained the sidewalk in reasonable repair, MCL 691.1402a(3), the photographic evidence is not definite. In considering a motion for summary disposition brought under MCR 2.116(C)(7) or (C)(10), we must view the evidence in the light most favorable to the nonmoving party, *Moraccini*, 296 Mich App at 391, and not "weigh the evidence or make determinations of credibility," *Innovative Adult Foster Care*, 285 Mich App at 480. Viewing the photograph presented and relied on by plaintiff, in a light most favorable to plaintiff, we cannot say that the vertical discontinuity of the sidewalk in the area where she tripped and fell measured below two inches as a matter of law. Instead, giving the benefit of reasonable doubt to plaintiff, reasonable minds could differ regarding whether the raised slab in plaintiff's photograph measured below or just at the two-inch threshold. See *West*, 469 Mich at 183; *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010). Thus, although a close question, we conclude that the photographic evidence was sufficient to establish a question of fact regarding whether the vertical discontinuity was at least two inches, necessary to rebut the presumption of reasonable repair under MCL 691.1402a(3), and to survive summary dismissal under MCR 2.116(C)(7) and (10).[6]

---

[5] The measuring tape in the photograph presented by plaintiff appears to be measuring a point farther left from the "X" than the measurement of the ruler in the photograph the City relied on to support its motion for summary disposition, albeit both measurements appear to be in the same general area.

[6] While the deposition testimony indicates that the photographs presented by the parties were taken months after plaintiff tripped and fell, Kozuh, the City's DPS director and a civil engineer familiar with vertical discontinuities, testified that he believed the vertical discontinuity in the instant case was caused by tree roots, which would take years to develop. From this testimony, as well as the photographs of sidewalk where plaintiff purportedly tripped and fell, showing a large tree abutting the sidewalk with roots protruding, it is reasonable to infer that the discontinuity took a significant amount of time, i.e., years, to develop. Thus, although the

See *Moraccini*, 296 Mich App at 391; *Dextrom*, 287 Mich App at 429. Accordingly, the trial court did not err in denying the City's motion for summary disposition on the issue.

However, contrary to the trial court's ruling, the question whether the vertical discontinuity met the two-inch threshold necessary to rebut the presumption under MCL 691.1402a(3) is not a question of fact for a jury. MCL 691.1402a(4) expressly provides that "[w]hether a presumption under subsection (3) has been rebutted is a question of law for the court." Furthermore, this Court in *Dextrom*, 287 Mich App at 430, has held that "trial is not the proper remedial avenue to take in resolving the factual questions under MCR 2.116(C)(7)." As in *Dextrom*, 287 Mich App at 430-433, we instruct the trial court, on remand, to conduct an evidentiary hearing to determine whether further factual development can establish that the vertical discontinuity in the sidewalk was at least the two inches necessary to overcome the presumption under MCL 691.1402a(3) that the City maintained the sidewalk in reasonable repair. If the trial court determines that the vertical discontinuity in the area of the sidewalk where plaintiff tripped and fell met the two-inch threshold, then plaintiff has rebutted the presumption of reasonable repair and her claim should not be summarily dismissed under MCR 2.116(C)(7) on that basis. See *Dextrom*, 287 Mich App at 433. However, if the trial court determines that the vertical discontinuity defect is less than two inches, then plaintiff cannot overcome the presumption that the City maintained the sidewalk in reasonable repair as a matter of law and the City would be entitled to governmental immunity, in which case the court should grant the City's motion for summary disposition under MCR 2.116(C)(7). See *id*.

## III. APPLICATION OF MCL 691.1402a(5)

Next, the City claims that MCL 691.1402a, as amended by 2016 PA 419, to add subsection (5), which permits a municipality to assert the common law defense that the condition of the sidewalk was open and obvious, applies retroactively in this case and the trial court erred in deciding otherwise. We disagree and conclude that the amended version of MCL 691.1402a(5) does not apply to this case because plaintiff's cause of action accrued before the amendment took effect and there is no evidence that the Legislature intended the amendment to be retroactively applied.

We review de novo a trial court's ruling on a motion for summary disposition. *Johnson v Pastoriza*, 491 Mich 417, 428; 818 NW2d 279 (2012). Whether a statutory amendment applies retroactively presents a question of statutory interpretation which is also subject to de novo review. *Id.* at 428-429.

The sidewalk exception, under MCL 691.1402a, imposes a statutory duty on municipalities to maintain their sidewalks in reasonable repair. MCL 691.1402a(1); *Jones v Enertel, Inc*, 467 Mich 266, 268; 650 NW2d 334 (2002); *Walker*, 213 Mich App at 21-23. An individual who sustains injury due to the failure of a municipality to maintain its sidewalks in reasonable repair has a right to bring a cause of action to recover from the municipality under

photographs were taken months after she tripped and fell, they arguably accurately depicted the vertical discontinuity existing at the time of the accident.

MCL 691.1402a. *Id.* However, a municipality's liability is limited under MCL 691.1402a. *Moraccini*, 296 Mich App at 396 (MCL 691.1402a "was enacted to limit municipal liability relative to injuries occurring caused by defective sidewalks.").

Plaintiff's cause of action, premised on the City's violation of its statutory duty under MCL 691.1402a to maintain the sidewalk in reasonable repair, accrued on February 5, 2016, when she tripped on the raised sidewalk slab causing her to fall to the ground and suffer injuries. When all of the elements of a cause of action can be alleged in a complaint, a cause of action for tortious injury accrues. *Stephens v Dixon*, 449 Mich 531, 539; 536 NW2d 755 (1995). At the time her cause of action accrued, for the City to be liable under the sidewalk exception for the injuries she sustained due to the defective condition of the sidewalk, plaintiff was required to prove that, at least 30 days before the occurrence of her injury, the City knew or should have known of the existence of the defect in the sidewalk. See MCL 691.1402a(2). Further, for the City to be liable, it was necessary for plaintiff to rebut the presumption under MCL 691.1402a(3) that the City maintained the sidewalk in reasonable repair with evidence that the proximate cause of her injury was a vertical discontinuity defect in the sidewalk of two inches or more and/or a dangerous condition in the sidewalk itself other than solely a vertical discontinuity. MCL 691.1402a(3).

Effective January 4, 2017, the Legislature, in 2016 PA 419, amended the sidewalk exception under MCL 691.1402a by adding subsection (5) to allow a municipality to assert an open and obvious defense, providing:

> (5) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) may assert, in addition to any other defense available to it, any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious.[7]

---

[7] In premises liability cases in the private sector, the open and obvious defense is well established. Under the doctrine, "a premises possessor owes a duty to use reasonable care to protect invitees from an unreasonable risk of harm caused by dangerous conditions on the premises. . . . However, liability does not arise for open and obvious dangers unless special aspects of a condition make even an open and obvious risk unreasonably dangerous." *Hoffner v Lanctoe*, 492 Mich 450, 455; 821 NW2d 88 (2012) (emphasis omitted). "The possessor of land 'owes no duty to protect or warn' of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id.* at 460-461, quoting *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered [the condition] upon casual inspection." *Hoffner*, 492 Mich at 460-461. There is an exception where "the special aspects of an open and obvious hazard could give rise to liability: when the danger is unreasonably dangerous or when the danger is effectively unavoidable." *Id.* at 463 (emphasis omitted).

Prior to the amendment under 2016 PA 419, under the prevailing common law, a municipality was limited in the defenses it could assert in cases brought under the sidewalk exception to governmental immunity, MCL 691.1402a. Pertinent here, our Courts held that the open and obvious doctrine did not apply to a cause of action premised on the statutory duty under MCL 691.1402a to maintain the sidewalk in reasonable repair. *Jones*, 467 Mich at 269-270; *Walker*, 213 Mich App at 22-23.

The parties dispute whether the amendment to MCL 691.1402a applies in this case to permit the City to assert an open and obvious defense. The City argues that the amendment applies retroactively, and thus it is permitted to assert an open and obvious defense under MCL 691.1402a(5). Plaintiff asserts that the amendment applies prospectively only, and thus the City cannot assert an open and obvious defense because her cause of action accrued before the effective date of the amendment. "In determining whether a statute applies retroactively or prospectively, the intent of the Legislature governs." *Johnson*, 491 Mich at 429, citing *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001). "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Johnson*, 491 Mich at 429, citing *Brewer v A D Transp Express, Inc*, 486 Mich 50, 55-56; 782 NW2d 475 (2010). "This is 'especially true when giving a statute retroactive operation will . . . create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed.' " *Johnson*, 491 Mich at 429-430, quoting *Hansen-Snyder Co v Gen Motors Corp*, 371 Mich 480, 484; 124 NW2d 286 (1963). Further, when an amendment enacts a substantive change in the law, it is limited to prospective application. *Johnson*, 491 Mich at 430, quoting *Brewer*, 486 Mich at 56.

There is an exception to the presumption that statutes apply prospectively where a statute is remedial or procedural in nature, which the City relies on here. See *Johnson*, 491 Mich at 432-433; *Lynch*, 463 Mich at 584. The exception provides that " 'statutes which operate in furtherance of a remedy or mode of procedure and which neither create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retrospectively unless a contrary legislative intent is manifested.' " *Johnson*, 491 Mich at 432-433, quoting *Lynch*, 463 Mich at 584. "Simply calling a statute 'remedial,' however, is not enough for retroactive application, as explained in *Lynch*:

> [W]e have rejected the notion that a statute significantly affecting a party's substantive rights should be applied retroactively merely because it can also be characterized in a sense as "remedial." In that regard, . . . the term "remedial  in this context should only be employed to describe legislation that does not affect substantive rights. Otherwise, the mere fact that a statute is characterized as remedial is of little value in statutory construction. Again, the question is one of legislative intent." [*Johnson*, 491 Mich at 433, quoting *Lynch*, 463 Mich at 585 (internal citations and emphasis in *Lynch* omitted).]

Thus, the "exception to the presumption of prospective application for remedial statutes" does not apply if the "statutory amendment affects substantive rights." *Johnson*, 491 Mich at 433.

In *In re Certified Questions*, 416 Mich 558, 570; 331 NW2d 456 (1982), our Supreme Court identified four principles in determining whether a new statute should be applied

retroactively. First, a court should determine whether there is "specific language in the new act which states that it should be given retrospective or prospective application." *Id.* "Second, '[a] statute is not regarded as operating retrospectively [solely] because it relates to an antecedent event.' " *Id.* at 570-571, quoting *Hughes v Judges' Retirement Bd*, 407 Mich 75, 86; 282 NW2d 160 (1979). Third, a new law should not be retroactivity applied " 'which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past.' " *In re Certified Questions*, 416 Mich at 572, quoting *Hughes*, 407 Mich at 85. "Fourth, a remedial or procedural act which does not destroy a vested right will be given effect where the injury or claim is antecedent to the enactment of the statute." *In re Certified Questions*, 416 Mich at 571.

Regarding the first principle, 2016 PA 419 contains no specific language indicating either retroactive or prospective only application. MCL 691.1402a; *In re Certified Questions*, 416 Mich at 570-571. The Legislature gave 2016 PA 419 immediate effect on January 4, 2017, the date it was filed, but did not include any language in 2016 PA 419 indicating retroactive application. MCL 691.1402a; House Legislative Analysis, HB 4686, December 9, 2015. Our Supreme Court has recognized that " 'the Legislature has shown . . . that it knows how to make clear its intention that a statute apply retroactively.' " *Johnson*, 491 Mich at 430, quoting *Lynch*, 463 Mich at 584. Accordingly, the Legislature is "cognizant of the operative language necessary to apply any particular provision in the amendatory act retroactively, but did not include such language in" 2016 PA 419. *Johnson*, 491 Mich at 431. Further, the Supreme Court "has recognized that 'providing a specific, future effective date and omitting any reference to retroactivity supports a conclusion that a statute should be applied prospectively only.' " *Id.* at 432, quoting *Brewer*, 486 Mich at 56. This is "akin" to what the amendment to MCL 691.1402a does: "it provides a specific effective date, that being the date of filing with the Secretary of State, without the slightest hint of retroactive application." *Id.* The absence of any language expressing a legislative intent to apply the amendment to MCL 691.1402a(5) retroactively weighs in favor of prospective only application. See *id*.

The second principle—that a statute does not operate retroactively solely because it relates to an antecedent event—does not appear relevant to this case. See *In re Certified Questions*, 416 Mich at 570-571. These types of cases "relate to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute," such as "measuring the amount of a judicial pension not only by years served subsequent to enactment but also by years served under a previous act." *Id.* at 571. In contrast, this case "relates to what if any changes may be made with respect to a cause of action begun under one rule of law by a subsequent statute." *Id.*

"The third rule states that retrospective application of a law is improper where the law 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past.' " *Id.* at 572, quoting *Hughes*, 407 Mich at 85; see also *Johnson*, 491 Mich at 429-430; *Lynch*, 463 Mich at 583. A statutory "amendment is limited to prospective application if it enacts a substantive change in the law." *Johnson*, 491 Mich at 430. "The general rule against retrospective application has been applied in cases where a new statute abolishes an existing cause of action." *In re Certified Questions*, 416 Mich at 573. "It is clear that once a cause of action accrues,—i.e., all the facts become operative and are known—it

becomes a 'vested right.' " *Id.* The general rule against retroactive application is "triggered when a plaintiff's accrued cause of action would be totally barred or taken away by a new act." *Id.* at 577.

Here, plaintiff had a vested right in her cause of action that accrued when her trip and fall accident occurred before the effective date of the statutory amendment under 2016 PA 419. Under the applicable version of MCL 691.1402a, at the time her action accrued, the City was liable for a breach of its statutory duty to maintain its sidewalk in reasonable repair, so long as plaintiff could prove that the City had the requisite knowledge of the defect and could rebut the statutory presumption that the sidewalk was in reasonable repair. MCL 691.1402a(1)-(3). Before the amendment under 2016 PA 419, the municipality could not assert an open and obvious defense to claims brought pursuant to its statutory duty under MCL 691.1402a. *Jones*, 467 Mich at 269-270; *Walker*, 213 Mich App at 22-23.

The amendment, adding subsection (5) to permit a municipality to assert the open and obvious defense, in effect, now additionally absolves a municipality of liability stemming from a dangerous condition that is open and obvious, i.e., where "it is reasonable to expect that an average person with ordinary intelligence would have discovered [the condition] upon casual inspection."[8] *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012); *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993). Accordingly, the amended version of MCL 691.1402a not only shields a municipality from liability for injuries caused by a vertical discontinuity defect of less than two inches, MCL 691.1402a(3), but additionally shields a municipality from liability if the dangerous condition of the sidewalk was open and obvious. MCL 691.1402a(5). Thus, the amendment clearly further limits a municipality's liability for injuries arising from a defective sidewalk, and conversely, effectively precludes an injured party from bringing a claim, where he or she previously could, if the dangerous condition of the sidewalk was open and obvious. The amendment under 2016 PA 419, thus, would impair and effectively destroy any claim resulting from a condition of the sidewalk that is open and obvious and not unreasonably dangerous. *Hoffner*, 492 Mich at 461-463.

Thus, contrary to the City's argument, retroactive application of the amendment under 2016 PA 419 would affect the substantive rights of a party who, as here, had a vested right in her cause of action before the amendment but was injured by a dangerous condition of a sidewalk that is open and obvious. In such cases, retroactive application of the amendment would, in effect, legally bar or "take away" plaintiff's accrued cause of action against the City because the open and obvious nature of the sidewalk's condition would cut off the City's liability for her injuries. See *In re Certified Questions*, 416 Mich at 573-577. Generally, the rule is against the retroactive application of a statute that takes away vested rights and "[a] new statute which abolishes an existing cause of action brings the statute with the general proscription of rule

---

[8] "[S]uch dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable precautions to avoid[,]" and thus, the premises owner has no duty to protect or warn of the dangers. *Hoffner*, 492 Mich at 460-461.

three." *Id.* at 573-578. Thus, the third principle weighs in favor of prospective application of 2016 PA 419.

Finally, the fourth principle considers whether the nature of the amendment is remedial or procedural. *In re Certified Questions*, 416 Mich at 571, 578. "This Court has recognized that new remedial or procedural statutes which do not destroy vested rights should be given retrospective application." *Id.* at 578. But, "the term 'remedial' in this context should *only be employed to describe legislation that does not affect substantive rights*." *Johnson*, 491 Mich at 433 (emphasis in original), quoting *Lynch*, 463 Mich at 585. While the legislative history of 2016 PA 419 may suggest that the amendment to MCL 691.1402a was designed to address an oversight in the existing law, and thus could be characterized as remedial in nature, see House Legislative Analysis, HB 4686, December 9, 2015, the remedial nature of the amendment would not support retroactive application because the amendment affected substantive rights. *Lynch*, 463 Mich at 584-585 ("[T]he term 'remedial' in this context should only be employed to describe legislation that does not affect substantive rights.").

Considering these relevant principles, we conclude that MCL 691.1402a, as amended by 2016 PA 417, should not be given retroactive effect. The intent of the Legislature governs a determination whether a statute is applied prospectively or retroactively. *Johnson*, 491 Mich at 429. "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Id.*; *Lynch*, 463 Mich at 583. There is nothing in the language of the amendment to MCL 691.1402a suggesting that the Legislature intended retroactive application of the amendment. The Legislature specified a future effective date of January 4, 2017, without reference to retroactive application, and thus it is evident that the Legislature intended that the amendment apply prospectively. " '[P]roviding a specific, future effective date and omitting any reference to retroactivity supports a conclusion that the statute should be applied prospectively only.' " *Johnson*, 491 Mich at 432, quoting *Brewer*, 486 Mich at 56. Further, to now allow a municipality to assert an open and obvious defense under MCL 619.1402a(5), which it could not do before, substantively alters a municipality's potential liability and, conversely, an injured plaintiff's existing right to recovery with regard to sidewalk defects by effectively absolving a municipality from liability in cases where the sidewalk's dangerous condition from which a plaintiff's injury arose was open and obvious. The amendment to MCL 691.1402a, if applied retroactively, would substantively affect plaintiff's vested or substantive rights in her cause of action which accrued before the amendment took effect, and thus, should be given prospective application only. See *Johnson*, 491 Mich at 430.

Because plaintiff's trip and fall accident, from which her cause of action arose, occurred before the effective date of the amendment, the amended version, MCL 691.1402a(5), does not apply and the City cannot assert an open and obvious defense in this case. Nevertheless, the City argues that the amendment applies to plaintiff's lawsuit because it was filed after the amendment's effective date. However, in *Moraccini*, 296 Mich App at 389 n 1, involving a 2012 amendment to MCL 691.1402a, this Court recognized that the amended version applies prospectively, stating, "MCL 691.1402a was amended by 2012 PA 50, effective March 13, 2012. The amended version of the statute . . . is not applicable here, considering the effective date of the amendment and the earlier date of the incident." Here, plaintiff filed her lawsuit on March 9, 2017, after the effective date of the amendment to MCL 691.1402a on January 4, 2017, but her cause of action accrued earlier than the effective date of the amendment, on February 15, 2016,

-12-

when she tripped and fell on the sidewalk. Accordingly, as in *Moraccini*, the amendment to MCL 691.1402a applies prospectively and is not applicable in this case. The trial court did not err in denying defendant's motion for summary disposition on this basis.

In light of our decision that the amendment to MCL 691.1402a does not govern this case, we need not address whether plaintiff can establish an issue of fact regarding whether the condition of the sidewalk was open and obvious or unreasonably dangerous. We note, however, that it appears from the photographs that the condition was open and obvious, i.e., there is no dispute that an average person with ordinary intelligence would have discovered the vertical discontinuity defect upon casual inspection. Nor do we believe that a raised sidewalk slab, a typical hazard that is commonly experienced, presented an unreasonable risk of harm. Instead, it is apparent from the photographs and plaintiff's testimony that the condition of the sidewalk had no special aspects that would make the open and obvious risk unreasonably dangerous or effectively unavoidable.

We affirm the trial court's denial of defendant's motion for summary disposition and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-13-