*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPINE SPECIALISTS OF MICHIGAN, PC,

UNPUBLISHED
November 17, 2022

Plaintiff-Appellant,

v

No. 358296
Macomb Circuit Court
LC No. 2020-003355-NF

MEMBERSELECT INSURANCE COMPANY,

Defendant-Appellee.

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

Plaintiff, Spine Specialists of Michigan, PC, appeals as of right the trial court's order granting in part and denying in part defendant, MemberSelect Insurance Company, summary disposition of plaintiff's complaint under MCR 2.116(C)(7) and (10). We affirm.

## I. FACTS

This case is a provider suit brought under Michigan's no-fault act, MCL 500.3101 et seq. The facts of this case essentially are undisputed. On January 21, 2017, Jeremy Woods was injured in an automobile accident. Woods was the insured of defendant under a policy of no-fault insurance at the time of the accident. Plaintiff provided medical care to Woods, and Woods assigned to plaintiff his right to payment from defendant. Pursuant to the assignments, plaintiff sought payment from defendant for the medical care it provided to Woods. Defendant refused to pay plaintiff, and plaintiff initiated this action on September 21, 2020, seeking payment under the assignments.

Defendant moved for summary disposition of plaintiff's complaint under MCR 2.116(C)(7) and (10) on the basis that all or most of the amounts sought by plaintiff were barred by the one-year back rule, MCL 500.3145, and/or by a release signed by Woods in connection with the settlement of litigation between Woods and defendant. The trial court granted in part and denied in part defendant's motion for summary disposition. Specifically, the trial court granted defendant summary disposition of plaintiff's claims for benefits for services provided to Woods before June 11, 2019, the effective date of the amendment to MCL 500.3145, and denied

-1-

defendant's motion for summary disposition for plaintiff's claims for services from June 11, 2019 through August 12, 2020. The parties resolved the claims arising from June 11, 2019 through August 12, 2020, and stipulated to dismissal of those claims. Plaintiff filed this appeal, challenging the trial court's order granting defendant summary disposition of plaintiff's claims for medical care it provided Woods from February 2, 2019 to June 11, 2019.

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting in part defendant's motion for summary disposition of plaintiff's complaint under MCR 2.116(C)(7) and (10) on the basis that the pre-amendment version of MCL 500.3145 barred plaintiff's claims. We disagree.

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). We also review de novo questions of statutory interpretation. *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019). A motion for summary disposition under MCR 2.116(C)(7) should be granted when the claim is barred by a statute of limitations,[1] or other basis stated in that court rule. MCR 2.116(C)(7). When considering a motion under MCR 2.116(C)(7), we accept the allegations of the complaint as true unless contradicted by documentation submitted by the moving party, and consider any affidavits, depositions, admissions, or other documentary evidence submitted. *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2d 839 (2020). When there is no factual dispute, whether a plaintiff's claim is barred under a basis set forth in MCR 2.116(C)(7) is a question of law. *Id*.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id*. When reviewing a motion for summary disposition granted under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party, *id*., and will find that a genuine issue of material fact exists if "the record leave[s] open an issue upon which reasonable minds might differ." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citations omitted).

MCL 500.3145, known as the one-year-back rule, "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012). Before its amendment, effective June 11, 2019, MCL 500.3145(1), provided, in relevant part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the

---

[1] We observe that the one-year-back rule is not a statute of limitations, but is instead a limitation on damages. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 208; 815 NW2d 412 (2012).

insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. . . .

MCL 500.3145 was amended by 2019 PA 21, effective June 11, 2019, and now provides, in relevant part:

> (2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

> (3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence. [MCL 500.3145(2), (3).]

In this case, the claims in question relate to medical care plaintiff provided to Woods in April and May 2019. Plaintiff filed its complaint on September 21, 2020, seeking payment for those services. Because the claims are for "loss incurred more than 1 year before the date on which the action was commenced," under the pre-amendment version of the statute the claim is barred as untimely. The amended version of MCL 500.3145 also contains a one-year-back provision, stating that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." MCL 500.3145(2). However, the amended version of the statute includes a tolling provision, stating that the one-year-back rule "is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim." MCL 500.3145(3).

The trial court in this case determined that the pre-amendment version of the statute applied because the amended statute does not provide for retroactive application. "Statutes and amendments to statutes are presumed to operate prospectively." *Andary v USAA Casualty Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356487); slip op at 2. This presumption is overcome only when the Legislature clearly manifests an intent for retroactive application. *Buhl v City of Oak Park*, 507 Mich 236, 244; 968 NW2d 348 (2021). In this Court's recent decision in *Andary*, although not addressing MCL 500.3145 specifically, this Court held that the legislative amendments to the no-fault act in 2019 PA 21 and 2019 PA 22 do not apply retroactively because "the Legislature did not clearly demonstrate an intent for the amendments to apply retroactively to persons injured in pre-amendment accidents." See *Andary*, ___ Mich App at ___; slip op at 1. This Court observed that "[i]ndeed, 2019 PA 21 provided an effective date of June 11, 2019, and it contains no language referring to retroactive application." *Id*. at ___; slip op at 2. In the absence of any Legislative statement of retroactive application, and in light of the presumption against retroactive application of a statutory amendment, the trial court in this case

correctly determined that the amendment to MCL 500.3145 does not apply retroactively. See *Brewer v A D Transport Express, Inc*, 486 Mich 50, 56; 782 NW2d 475 (2010) ("[P]roviding a specific, future effective date and omitting any reference to retroactivity supports a conclusion that a statute should be applied prospectively only" (quotation marks and citation omitted). )

Plaintiff argues, however, that the amended statute applies because, at the time the amended statute became effective on June 11, 2019, the April-May 2019 claims were still viable claims not yet denied by defendant. Plaintiff argues that because the pre-amendment version of the statute does not have a tolling provision, applying the amended version of the statute preserves plaintiff's claims while applying the pre-amendment statute takes away claims that were viable on June 11, 2019. Contrary to plaintiff's argument, the relevant inquiry is not which version of the statute preserves plaintiff's claims. Generally, whether a statute applies depends upon the date on which the cause of action arose. *Hill v Gen Motors Acceptance Corp*, 207 Mich App 504, 513-514; 525 NW2d 905 (1994). "The substantive rights and liabilities of the parties are determinable according to the law as it stood when the causes alleged by the plaintiff accrued." *Jones v Williams*, 172 Mich App 167, 171; 431 NW2d 419 (1988).

Under the no-fault act, "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred." MCL 500.3110(4). Our Supreme Court has determined that "incur" means "[t]o become liable or subject to, [especially] because of one's own actions." *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484; 673 NW2d 739 (2003) (quotation marks and citation omitted; alterations in the original). This Court has concluded when applying MCL 500.3110(4) that "an expense is incurred or a patient becomes liable when an agreement to pay is executed and treatment is received." *Bronson Health Care Group, Inc v USAA Casualty Ins Co*, 335 Mich App 25, 35-36; 966 NW2d 393 (2020) (emphasis omitted); in accord, *Clark v Al-Amin*, 309 Mich App 387, 397; 872 NW2d 730 (2015). In this case, Woods' PIP benefits accrued when each allowable expense was incurred; each expense was incurred when Woods received treatment. See *Bronson Health Care Group, Inc*, 335 Mich at 35-36. The April-May 2019 claims therefore accrued when they were incurred in April-May 2019, when Woods received medical treatment from plaintiff.

Plaintiff argues, however, that the "wrong" on which its claims are based is defendant's failure to pay the claims, and that the claims therefore accrued when defendant denied the claims, which plaintiff contends was August 13, 2020, after the June 11, 2019 effective date of the statutory amendment. Plaintiff relies upon the general accrual statute, MCL 600.5827, which provides that generally, a claim accrues "at the time the wrong upon which the claim is based was done." In this case, however, plaintiff has filed "an action for recovery of personal protection insurance benefits . . . for an accidental bodily injury. . . ." MCL 500.3145(1). Plaintiff, as the assignee of Woods, is seeking to assert against defendant Woods' right to payment of PIP benefits under the insurance policy issued to Woods by defendant.

Contractual terms of a policy of no-fault insurance are governed by the no-fault act. *Meemic Ins Co*, 506 Mich at 302. Specifically, PIP benefits "are mandated by the statute under the no-fault act, . . . and, therefore, the statute is the 'rule book' for deciding the issues involved in questions regarding awarding those benefits." *Id*. at 298, quoting *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 524-525; 502 NW2d 310 (1993). Because the no-fault act provides for a specific accrual statute within the act applicable to the determination of the accrual of PIP benefits,

-4-

MCL 500.3110(4), that statute is the relevant accrual statute when, as here, plaintiff is seeking payment of PIP benefits under the no-fault act. PIP benefits accrue when they are incurred, MCL 500.3110(4), and are incurred when the insured receives medical treatment and becomes obligated to pay. See *Bronson Health Care Group, Inc*, 335 Mich App at 35-36.

In this case, the loss was incurred when Woods received medical treatment from plaintiff in April-May 2019, and the claims for those services accrued at that time. The law in effect at the time the claims accrued was the pre-amendment version of MCL 500.3145; the amended version of the statute did not take effect until June 11, 2019, and does not apply retroactively. See *Andary*, ___ Mich App at ___; slip op at ___. The trial court therefore did not err by applying the pre-amendment version of MCL 500.3145 to plaintiff's April-May 2019 claims and granting defendant summary disposition of those claims.

We decline to reach defendant's argument that it also was entitled to summary disposition on the alternative basis that Woods released defendant after defendant paid Woods for the amounts in question because plaintiff failed under MCL 500.3112 to notify defendant in writing of the assignment. Although defendant argued this basis in its motion for summary disposition before the trial court, the trial court did not grant summary disposition on this basis, but instead on the basis that the claims were precluded by the pre-amendment version of MCL 500.3145. On appeal, plaintiff challenges only whether the trial court properly applied the pre-amendment version of MCL 500.3145. Defendant's contention that plaintiff's claim is barred by Woods' release therefore is not properly before this Court because defendant did not file a cross-appeal raising this issue. See *Conagra, Inc v Farmers State Bank*, 237 Mich App 109, 140; 602 NW2d 390 (1999).

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

-5-